In re Estate of Erbaugh : Van Horn et al., Appellees, *v*. Erbaugh, Admx., Appellant.

534

(No. 1745—Decided February 26, 1943.)

*Messrs. Jacobson & Durst,* for appellees.
*Messrs. Marshall, Harlan & Marshall,* for appellant.

HORNBECK, J.   This is an appeal on questions of law from an order of the Probate Court authorizing the appellees to present their claims against the estate of Jack Erbaugh, deceased.   The errors assigned are in the admission of certain evidence offered on behalf of appellees; and in granting and allowing the petition of appellees to present and file claims against the estate of Jack Erbaugh, deceased, with the administratrix of such estate, appellant herein, more than four months after the appointment of the administratrix.

The pertinent facts are:

The decedent, Jack Erbaugh, was the son of Dr. G. L. Erbaugh and Mary H. Erbaugh.   Dr. Erbaugh was the insured in a policy of indemnity insurance with the State Automobile Mutual Insurance Company.   On January 26, 1941, Jack Erbaugh was driving the automobile of his father when it collided with an automobile in which the appellees, Russell Van Horn and Caroline M. Van Horn, his wife, were riding, resulting in property damage to their automobile and personal injuries to both of them.   It is claimed

that by the terms of the policy it also indemnified Jack Erbaugh while he was driving the automobile of his father, the insured.

On March 28, 1941, Jack Erbaugh was killed. On April 19, 1941, Mary H. Erbaugh, mother of Jack Erbaugh, was appointed administratrix of his estate by the Probate Court of Montgomery county. The estate was settled on November 1, 1941. The total assets were less than the amount of the only claim presented against the estate.

On January 19, 1942, nine months after the appointment of the administratrix of the estate of Jack Erbaugh, deceased, an application was presented to the Probate Court of Montgomery county, Ohio, seeking to have the estate opened up for the purpose of fully administering the estate. This application was granted and on the same day a petition was filed on behalf of the appellees, setting up their claims for damages suffered by reason of the collision with the Erbaugh automobile and seeking authority from the court to present their claims against the estate, for the reason that they did not know of the appointment of an administratrix for such estate until the date of the filing of the petition.

The matter came on for hearing, the appellant being represented by A. McL. Marshall of the firm of Marshall, Harlan & Marshall, which firm, counsel for appellees insisted, was representing the State Automobile Mutual Insurance Company and not the appellant. The appellant, during the proceedings incident to the administration of the Jack Erbaugh estate, had been represented by other counsel, Clifford R. Curtner.

Marshall stated to the court, professionally, "I am here appearing on behalf of Mrs. Erbaugh and anybody else who has any interest in the matter."

The court permitted full disclosure of the transac-

tions between the appellees and the agent of the insurance company, subsequent to the collision in which appellees were involved. It appeared that the insurance company had negotiated at length with the appellees, had taken their statements, had investigated the property damage to Mr. Van Horn's automobile, and had caused the company doctor to examine Mrs. Van Horn as to the nature and extent of her injuries. The amount of the adjustment of the claims of the appellees had been discussed with the agent of the company. It appeared that Dr. and Mrs. Erbaugh (Mrs. Erbaugh later being the administratrix), knew of the injuries suffered by the appellees, having seen them on the night of the collision shortly after its occurrence. Appellant testified that she knew that the appellees had presented a claim to the insurance company for injuries and property damages growing out of the collision which was being investigated by the company, although she stated that she did not know that the claims of the appellees were being taken care of and investigated after her appointment as administratrix.

The petition sets out at length the relationship of the insurance company to the claims of the appellees, the presentation of such claims to the company, and the negotiations between the appellees and the company. The prayer of the petition is that, if the pleaded facts do not constitute a due presentation of petitioners' claims against the estate of the decedent, or a waiver thereof, the court reinstate their claims against the estate of the decedent. A hearing was held in May, 1942, and, on August 1, 1942, the court made its order, granting the prayer of the petition, in the following language:

"It is, therefore, by the court considered, ordered, and adjudged that the petition of Caroline M. Van Horn and Russell Van Horn asking this court for au-

thority to now present their claim against the estate of Jack Erbaugh, deceased, is hereby granted and allowed, and each of them is hereby authorized to now present his or her claim to the administratrix * * *.''

The first error assigned is the admission of any testimony respecting the transactions between the insurance company and the appellees.

There was under the averments of the petition at issue but one material fact incumbent upon appellees to establish, namely, that they did not have actual notice of the appointment of the appellant in sufficient time to present their claims within the period prescribed by law. We hereinafter discuss this question. Obviously, none of the testimony respecting the relation of the insurance company to the claims of the appellees was of any probative effect on the narrow question at issue. The court, therefore, erred in admitting this testimony. However, it is evident that inasmuch as it had nothing whatever to do with and reflected not at all upon the issue, it could not have been prejudicial to the appellant.

The next assignment of error which may be divided into two parts is that the court, as a matter of law, erred in granting the order as prayed for by the appellees.

It is asserted that the appellees failed to meet the requisites of proof set out in the Section 10509-134, General Code, which provides:

''A claimant who has failed to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing, * * *. If upon hearing the court finds (a) that the claimant did not have actual notice of the decedent's death or of the appointment of the executor

or administrator in sufficient time to present his claim within the period prescribed by law, or (b) that the claimant's failure to present his claim * * * was due to any wrongful act or statement on the part of the executor or administrator or his attorney, or (c) * * *, then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period; provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, * * * and no payment shall be made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims * * *.''

The petition avers that the appellees did not have actual notice of the appointment of the appellant, in sufficient time to present their claims within the period prescribed by law. The appellees assert that their proof tended, also, to show that their failure to present their claims was due to a wrongful act or statement on the part of the appellant or her attorney. This latter claim is made the basis for insistence that the testimony relating to the transactions with the insurance company was admissible. The petition, in our judgment, does not aver any wrongful act or statement on the part of the appellant and did not support the admission of the testimony.

The aforesaid section provides in part:

''If upon hearing the court finds (a) that the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by law, * * * then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period.''

As we understand it, the claim of appellant is, that

if either condition in clause (a) appears, the court may not authorize the petitioner to present his claim. We agree that clause (a) may be read as if preceded by the correlative, either, and in the alternative. However, that which precedes clause (a) is vitally important, i. e., "If upon hearing the court finds * * *." That is to say, the burden being upon the petitioner, "if * * * the court finds" either, that the claimant did not have actual notice of decedent's death or finds that the claimant did not have notice of the appointment of the administrator, etc., then, he may authorize the presentation of the claim.

The section would bear the construction claimed by appellant, if it read, "If the court finds that claimant had knowledge of the appointment of the administrator or executor, etc., he may not permit the filing of the claim," or, if the phrases were connected by the conjunction, "and," expressing the general relation of connection or addition.

Appellant next asserts that the proviso of Section 10509-134, General Code, that "a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties," etc., precludes the presentation of a claim after the limitation period even upon court order and *a fortiori* prevents such court order after such period.

The trial court held that the language of the proviso refers to the presenting of the claim to the Probate Court by the filing of the petition for authority to present the claim to the fiduciary and directed attention to the fact that at two places in the section prior to the proviso, the expression is employed "present his claim to the executor or administrator" and therefore held that, inasmuch as the language, "to the executor or administrator," does not appear in the proviso, the word "presented" means presented to the

court. The court further held that the presentation to the administratrix, under the order of the court may be made after the limitation period provided in the section.

This proviso in the section is new and no reviewing court has spoken as to its meaning in a situation paralleling that presented in this case. Here the petition was filed on the last day of the nine-month period succeeding the appointment of the appellant. The court could not comply with the statutory provisions as to notice, time for hearing, etc., and make an order authorizing presentation of the claim to the appellant within the nine-month period. Did the court then have authority to authorize the presentation of the claim under these facts? We frankly concede that the question has given us much concern.

It is a familiar rule of construction that all parts of a statute shall be given meaning if the language employed will permit. We have much difficulty in adopting the conclusion of the trial judge that the Section 10509-134, General Code, contemplates that the word, presentation, as employed in the proviso means presentation to the court by the petition for authority to present the claim, although such construction would relieve us of a difficult question.

At no place in the section is the expression, "presentation of claim to the court," made. At the inception, the section speaks of the failure to present the claim to the executor or the administrator and states that under the facts set out, a petition may be filed in the Probate Court for authority to "present his claim" after the expiration of such time. Clearly this refers to a presentation of the claim to an administrator or executor. Following clause (c), the conditions are set out under which the court may authorize "such claimant to present his claim to the executor or administrator." Then follows, "provided, however, that

a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred, etc." A claim presented to whom? The only mention in the section of the person to whom the claims shall be presented is the executor or administrator. The only capacity in which the court acts under the section, is pursuant to the filing of the petition. The terms are employed in Section 10509-112, General Code (119 Ohio Laws, 407), in like relation, which section begins:

"All claimants shall present their claims to the executor or administrator in writing, * * *. All claims shall be presented within four months after the date of the appointment of the executor or administrator. Every claim presented hereunder shall set forth the claimant's address. * * * Any person whose claim has been presented and allowed * * * shall be deemed a creditor as said term is used in this chapter. Claims which are contingent need not be presented except as otherwise provided in this chapter."

The chapter, of course, includes Section 10509-134, General Code. It would appear that the language, in all instances speaking of claims presented or presentation of claims, implies presentation of such claims to the fiduciary.

The four-month period after the date of the appointment of the executor or administrator is the time fixed within which all claimants mentioned in the statute may, as a matter of right, file their claims. When this period has elapsed, the right to present a claim is provisional, depending upon the authorization provided by Section 10509-134, General Code. After the bar of Section 10509-112, General Code, has operated, a presentation of a claim to an executor or administrator is a vain thing and without effect because the law recognizes no such procedure. So, in the instant case, any

tender of the claim of appellees to the appellant, more than four months after her appointment and before authority was granted by the Probate Court to present the claim, would have been nothing more than a gesture and without any legal force whatsoever.

Whether the appellees have complied with the requisites of the law as to the presentation of their claim, under the order of the Probate Court, within contemplation of the limitation of Section 10509-134, General Code, is of no concern in the instant proceeding because the necessity of such determination does not arise. However, inasmuch as the judgment entry authorized the presentation of the claim to the appellant now, the right to make the order in that specific form is raised on this appeal.

We are, therefore, met with the necessity of determining whether the proviso must be given effect to absolutely preclude the presentation of any claim after the nine-month period. If such construction be given, it removes from the Probate Court the jurisdiction to make any binding order which order is not made within the nine-month period. This construction should not be adopted unless the language of the statute clearly requires it. There are many instances to which attention could be drawn which would postpone the order without fault of the claimant, beyond the nine-month period even though the petition was filed well within the period.

If the proviso is essentially a statute of limitation, we would not hesitate to determine that the running of the statute was tolled by the filing of appellees' petition. The principle is broadly stated in 34 American Jurisprudence, 202, as follows:

"It is a firmly established rule that the commencement of suit prior to the expiration of the applicable limitation period interrupts the running of the statute

of limitations as to all parties to the action and their privies, * * *,'' citing many applicable authorities; and in 25 Ohio Jurisprudence, 608, as follows:

"It is too elementary to need citation that the beginning of an action stops the running of the statute," citing *Walworth* v. *Collinwood,* 8 C. C., 477, 4 C. D., 503.

But is this section a statute of limitation? It is a familiar principle of law that to secure the benefit of a limitation statute it must be pleaded. In *Beach, Recr.,* v. *Mizner, Exr.,* reported in 52 Ohio App., 348, 3 N. E. (2d), 642 and 131 Ohio St., 481, 3 N. E. (2d), 417, the plaintiff, seeking to recover against the estate on a claim against the decedent for a balance on a stock subscription, plead the presentation of the claim to the executor of the estate of the deceased. This form of pleading ordinarily would be sufficient in the first instance and if the claim were barred by a statute of limitation prescribing the time within which the presentation should be made, such fact could properly be set up by way of defense. The Court of Appeals held that the petition was demurrable because it did not include an averment that the claim was duly presented within the four-month period provided by Section 10509-112, General Code, and that the same was rejected. The Supreme Court affirmed the holding that the petition was defective in the failure to state compliance with Section 10509-112, General Code, or with Section 10509-134, General Code, upon order of the court.

The first proposition of the syllabus in the Supreme Court is that Sections 10509-112 and 10509-134, General Code (114 Ohio Laws, 320), must be construed together. This pronouncement raises some question whether the proceeding in the Probate Court in this case was controlled by the new Section 10509-134, General Code, or by the older section inasmuch as the two Sections

10509-112 and 10509-134, as found in 114 Ohio Laws, 320, must be construed together.

The second paragraph of the syllabus recites:

"These sections are statutes of limitation (or non-claim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment."

The court was considering the two sections of the statute together. There was no occasion to, and the court did not, make differentiation between the four-month limitation in Section 10509-112, General Code, and the nine-month limitation in Section 10509-134. So that there has been no adjudication to the effect that the nine-month limitation in Section 10509-134, General Code, is a nonclaim statute. The court in *State, ex rel. Fulton,* v. *Coburn,* 133 Ohio St., 192, 12 N. E. (2d), 471, and this court have referred to Section 10509-134, General Code, before the last amendment, as a limitation statute. It is our judgment that distinction may be made between the two sections and that Section 10509-112, General Code, is strictly a non-claim statute, but that the proviso in Section 10509-134, General Code, makes that section a statute of limitation. The distinction between the types of statutes is important. In 34 Corpus Juris Secundum, 182, it is said:

"It is generally held that the statute of nonclaim, when once it begins to run, continues to run, no exceptions or interruptions being allowed to intervene unless expressly provided for," and in 21 American Jurisprudence, 590, it is stated:

"Nonclaim statutes are jurisdictional, and unless complied with the court cannot allow the claim." Citing annotation in 117 A. L. R., 1208; *Hathaway* v. *Merchants' Loan and Tea Co.,* 218 Ill., 580, 75 N. E., 1060, 4 Ann. Cas., 164, 117 A. L. R., 1209.

An examination of all the cases cited is conclusive that in no instance was the court passing upon a statute like the proviso found in Section 10509-134, General Code, but upon strictly nonclaim statutes such as Section 10509-112, General Code.

It is clear that Weygandt, C. J., in the *Beach case, supra,* was referring to the statutes generally and did not give special attention to the proviso in Section 10509-134, General Code.

It is our judgment that Section 10509-134, General Code, is a statute of limitation. The right to an adjudication of the authority to present a claim to an executor or administrator is created by the body of the statute. The proviso is a limitation on that right which limitation is tolled by institution of a proceeding within nine months after the appointment of the executor or administrator under the section.

In this connection the third paragraph of the syllabus in the *Beach case* is interesting and helpful:

"A barred claim may be reinstated and presented to an executor or administrator upon leave first obtained from the Probate Court in the manner provided in Section 10509-134, General Code."

If a claimant was suing upon a rejected claim, it would be necessary only that he plead either that he had presented his claim within the time provided in Section 10509-112, General Code, or that he had presented it under authorization of the court under Section 10509-134, General Code. If the limitation clause of the statute was to be invoked, it should have been set up defensively as is proper in invoking a statute of limitation.

We are of the opinion that our construction is a reasonable interpretation in the light of the general purpose to be accomplished by the new Probate Code and upon well defined rules of interpretation.

An interpretation, under which the statute or section or any part thereof is nullified, should, if possible, be avoided. *Probasco* v. *Raine, Auditor,* 50 Ohio St., 378, 34 N. E., 536; *Shuck* v. *Board of Education,* 92 Ohio St., 55, 110 N. E., 533.

Section 10214, General Code, provides:

"The provisions of part third (entitled Remedial) and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice."

Although the section of the Code which we have under consideration is not found in part third of the Code, it is remedial in character and may well be interpreted in accordance with the admonition of Section 10214, General Code.

It should be noted that the authority of the appellees to present their claims under the order of the court gives them no right to reach any assets of the estate which have been lawfully paid out or distributed prior to the service upon the appellant of notice of the hearing on such petition, and such claim shall not prevail as against creditors, legatees and distributees who have received payment or distribution from the assets of the estate prior to the service of such notice. So that, in this case the only effect of the order authorizing presentation of appellees' claims will be to operate prospectively as to any assets that may be realized from the insurance policy if appellees secure judgment against the appellant. The appellant cannot, if any liability is to be eventually asserted against the insurance company, allow the claims of appellees when presented unless by and with the consent of the company, this right being reserved in the policy. We have recently so held in the case of *Treadway, a Minor,* v. *Tewksbury,* No. 3525, Franklin county, unreported.

The right of the appellees to present their claims to

the appellant was, by the proceeding in the Probate Court, determined as of the date of the filing of their petition. The order authorizing appellees to present their claims was not made for several months after appointment of the appellant, but the adjudication of their right to present was determined as of the date of the filing of their petition.

The judgment will be affirmed.

*Judgment affirmed.*

Geiger, P. J., and Barnes, J., concur.