IN RE ESTATE OF PRICE.

(No. 675—Decided November 12, 1949.)

*Mr. Jesse K. Brumbaugh* and *Mr. Hugh A. Staley,* for appellant, administratrix.

*Mr. Martin D. Pluess* and *Messrs. Marchal & Marchal,* for appellee, claimant.

WISEMAN, J. This is an appeal on questions of law

from a judgment of the Court of Common Pleas of Darke County, granting leave to the appellee claimant, Ralph White, to present his claim for damages against the estate of Arthur Price, deceased.

On May 9, 1947, the claimant and decedent were involved in an automobile accident in which the claimant sustained serious injuries and decedent died as a result of his injuries. The claimant was confined to the hospital from the date of the accident until October 3, 1947. On May 20, 1947, Monnie E. Price was appointed administratrix of decedent's estate. The four-month period within which a claimant was required to present a claim expired on September 20, 1947. The claimant failed to present his claim within the four-month period. On February 3, 1948, he filed his petition in the Probate Court for authority to present his claim, which was within nine months from the date of the appointment of the administratrix. Thereafter, on July 25, 1948, an amended petition was filed. The probate judge being interested, the case was certified to the Court of Common Pleas pursuant to Section 10501-9, General Code. The Common Pleas Court rendered judgment in favor of the claimant and from that judgment this appeal is taken.

In the amended petition it was alleged that the claimant did not have actual notice of the appointment of the administratrix in sufficient time to present his claim within the period prescribed by law; that the claimant was subject to a legal disability, to wit, a mental disability during a portion of the four months following the appointment of the administratrix; and that the administratrix waived the presentment and allowance of such claim. The Common Pleas Court found against the claimant on the first and third grounds alleged and in his favor on the second ground.

The administratrix contends that the judgment of

the trial court is contrary to law. We find no reported case in Ohio deciding this precise question.

. The presentation of claims against an estate after the expiration of four months from the appointment is controlled by Section 10509-134, General Code. This section in part provides that "if upon hearing the court finds * * * that the claimant was subject to any legal disability during such period *or any part thereof*, then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period." (Emphasis ours.)

The term, "legal disability," as used in that section is defined in Section 10512-2, General Code, as follows:

"The term 'legal disability' as used in this act shall include the following: (a) persons under the age of twenty-one years; (b) *persons of unsound mind*; (c) persons in captivity; (d) persons under guardianship of the person and estate or either." (Emphasis ours.)

The assertion of the right of the claimant to present his claim after the expiration of four months was based on the fact that during a portion of the four-month period he was of "unsound mind." Section 10213, General Code, in part provides that, "in the interpretation of part third, unless the context shows that another sense was intended, * * * 'of unsound mind' includes every species of mental deficiency or derangement."

In *Lowe, Gdn.,* v. *Union Trust Co.,* 124 Ohio St., 302, 178 N. E., 255, the court held that the term, "of unsound mind," used in Section 12270, General Code, has a broader and more inclusive meaning than the word, "insane." The court in that case had under consideration the definition of the words, "of unsound mind," as set forth in Section 10213, General Code. The court in that case stated, on page 307, that it was proper to consider whether the litigant "was suffering

from some species of mental deficiency or derangement so as to be unable to look into her affairs, properly consult with counsel, prepare and present her case, and assert and protect her rights in a court of justice." The court followed the case of *Bowman* v. *Lemon,* 115 Ohio St., 326, 154 N. E., 317, which laid down the same test with respect to mental deficiency or derangement.

We now consider whether the evidence in this case shows that the claimant was suffering from some mental deficiency or derangement "so as to be unable to look into * * * [his] affairs, properly consult with counsel, prepare and present * * * [his] case, and assert and protect * * * [his] rights in a court of justice."

The physician attending the claimant while he was confined in the hospital testified that he had a basilar skull fracture; that at the time he entered the hospital he was bleeding from both ears; that the femur of his right leg was broken in 18 or 20 pieces; that he was suffering from shock; that he was mentally confused; that for a period of three or four weeks after the accident his senses were not clear and there was an element of mental confusion; and that he was kept under sedation because of the severe pain. The physician testified further that for a period of six to eight weeks the claimant suffered from mental confusion; that he was kept under sedatives until the month of September; and that for a period of three to four weeks he was administered hypnotic drugs, the portions of which were gradually reduced.

The trial court found that during a portion of the four-month period following the appointment of the administratrix the claimant was under a legal disability. In our judgment the evidence, when construed most favorably to the claimant, supports the judgment of the trial court.

The administratrix contends that the judgment of the trial court is contrary to law for the reason that the court misconstrued Section 10509-134. The point is made that under the construction given this section by the trial court if the claimant was under a legal disability for any infinitesimal portion of time during the four months immediately following the appointment of the administratrix he would have been entitled to an order allowing him to present his claim. Under the evidence presented we are not required to pass on this question. Section 10509-134 provides that if the claimant was subject to any legal disability during the four-month period "or any part thereof" he is entitled to the benefit of such section. The question presented to this court for determination is largely factual. On the evidence adduced the trial court was justified in finding that for at least two months from the date of the appointment of the administratrix the claimant was of unsound mind and in such mental condition that he was not able to look into his affairs, properly consult with counsel, prepare and present his case, and assert and protect his rights in a court of justice, which is the test laid down by our Supreme Court. Since the evidence shows that the claimant was for a substantial portion of the four-month period of unsound mind, we are not required to decide the question whether a claimant, who was of unsound mind for a period of one week or one day after the date of the appointment of fiduciary, is entitled to the benefit of the section.

The provisions of Section 10509-134 must be construed liberally in favor of the claimant. See *In re Estate of Erbaugh*, 73 Ohio App., 533, 546, 57 N. E. (2d), 294. Section 10214, General Code, in part, provides that "the provisions of part third and all proceedings under it, shall be liberally construed, in or-

der to promote its object, and assist the parties in obtaining justice." The Probate Code sections are remedial and fall into Part Third of the General Code. In our opinion the trial court did not misconstrue the provisions of Section 10509-134 or the evidence applicable thereto.

The judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.