IN RE ESTATE OF HOWE.*

*Motion to certify the record overruled, February 25, 1959.

(No. 2734—Decided October 14, 1958.)

*Mr. John A. Willo, Mr. Homer E. Carlyle* and *Mr. Russell J. Burt,* for appellant Mike Bort.

*Mr. Glenn W. Vogelgesang* and *Mr. Virgil O. Hinton,* for appellee Russell Umbenhour, Exr.

PUTNAM, J.   This is an appeal on questions of law from a judgment of the Probate Court of Stark County denying the prayer of the petition of Mike Bort to present his claim against the estate of Harry H. Howe after the four-month period had elapsed from the appointment of the administrator of his estate, pursuant to Section 2117.07, Revised Code.

That denial is the assignment of error.   The facts can be summarized from the record as follows:

In February 1957, Mike Bort was at home in bed in Mahoning County; the decedent, driving along the public highway, lost control of his car which left the highway and ran 200 feet or thereabouts into the house of the claimant, knocking him out of bed.   He suffered a broken leg, cranial concussion, and lacerations and contusions of the body.   He was hospitalized from then on until March 3, and again from November 27, 1957, to January 10, 1958, as a result of his injuries.   Shortly after his injuries, claimant engaged an attorney, John Willo of Youngstown, to look after his interests as a result of the collision.   Willo contacted Howe in Stark County and through him his insurance company, The State Automobile Mutual Insurance Company of Columbus.   Shortly, thereafter, in the early summer at least, a Mr. Wilkie, the insurance adjuster, contacted Willo and entered into active negotiations for the adjustment of the claim. These negotiations continued at intervals of two or three weeks

until the middle of December. The adjuster was during this time asking for various medical reports and examinations of the claimant and for an asking price on the settlement of the claim. Some of this information was, from time to time, furnished him.

In the meantime, Howe died on August 17, 1957, and an administrator was appointed for his estate on September 4, 1957. From that time on until a week or so before Christmas, the adjuster for the insurance company, although meeting regularly with Attorney Willo, never disclosed to him or to the claimant that Howe was dead, that an administrator had been appointed or that he was thereafter negotiating for the estate. Some time in late November, the date is not certain, both the claimant and his attorney had heard rumors of Howe's death and, at the December meeting above referred to, Willo asked the adjuster if it were true that Howe was dead. The adjuster then stated that Howe had died three or four weeks before that time. Thereafter, the date is not certain, Willo wrote to the Probate Court of Stark County to inquire of the facts. On January 6, 1958, his letter was answered. The four-month limitation had, in the meantime, expired. The claimant then, on January 11, filed his petition in Probate Court for permission to present his claim for his injuries. The petition alleged only the ground set out in subsection (A) of Section 2117.07, Revised Code, viz., lack of knowledge of the death of the decedent or the appointment of an administrator. The court set the cause for hearing, and it was heard pursuant thereto on February 18. Three months later, on May 19, the court rendered an opinion denying permission to file the claim. On May 26, the entry thereof not having been journalized, a request was made by the appellant that the court make a separate finding of facts and conclusions of law. On June 18, claimant filed a motion for leave to amend his petition to conform to the evidence by adding thereto the additional ground of fraud and misrepresentation. Obviously this referred to the last part of subsection (B) of Section 2117.07, Revised Code, and the adjuster's testimony that Howe's death occurred only three or four weeks before the December meeting of the adjuster and Attorney Willo. This motion was denied, and on June 24 the court rendered its finding of facts and

conclusions of law holding that claimant had actual knowledge of the death within the four-month period and denying the motion of the appellant to amend its petition in accordance with the proof and refusing to consider the record in that regard. On June 24, these findings and judgments were made and shortly thereafter reduced to judgment by entry. The court based its conclusion upon the sole fact that the claimant had actual knowledge of the death of the decedent within the four-month period. As above stated this appeal on questions of law results.

In the final analysis the question this court has to determine is whether the trial court abused its discretion in denying claimant the right to file his claim. However, some preliminary questions must be disposed of first, in the light of the questions presented.

It is the contention of the appellee that since the final nine-months period for filing claims expired on June 4, 1958, and the final decision of the court was rendered thereafter, in no event could the lower court permit the filing of this claim. This is not the law and should not be. This question has been discussed thoroughly in the case of *In re Estate of Erbaugh,* 73 Ohio App., 533, 57 N. E. (2d), 294. The conclusion in that case was that the time dates back to the filing of the petition under Section 2117.07, Revised Code. In this we concur. Any other interpretation would present an absurd situation whereby, among other things, the delay of a court in rendering a decision could defeat a claim.

It is further the contention of the appellee that the motion to amend the petition in conformity to the proof is not specified in the words of the statute and, therefore, not effective. The statute provides, in subsection (B), that the court may authorize a claimant to present his claim if: "the claimant's failure to present his claim * * * was due to any wrongful act or statement on the part of the executor or administrator or his attorney." Fraud and misrepresentation are broader terms than wrongful act or statement and would and should include the same. The court was not deceived in the nature of the claim or the amendment requested. The matter was fully briefed and argued. It had to do with the adjuster's testimony where it appeared in the record that he made a knowingly wrongful

statement as to the time of the death of Howe. If that statement can be attributed to the administrator either on the grounds of agency or attorney in law or in fact, then certainly it would come within the part of that section last above quoted.

What is the law as to whether the adjuster of the insurance company, under the facts of the instant case, was the agent or attorney in fact of the administrator? We have been cited the case of *In re Estate of Basmajian,* 142 Ohio St., 483, 52 N. E. (2d), 985, by the appellant. The appellee contends that this is no authority under the facts of the present case. True it is that the facts are somewhat different, but broad principles are therein pronounced, and we think it points the way to the true answer in this case. The second paragraph of the syllabus of that case is as follows:

"A provision in a policy of indemnity insurance whereby the insurer reserved the right to allow, defend or settle all claims within the limits of the policy, growing out of an accident covered by such policy, creates a binding and legal obligation upon the administrator of the estate of such deceased assured to permit such insurer to exercise its judgment and to determine the disposition to be made of any such asserted claims."

In such a case, surely as a matter of law, the insurance company is the agent of the administrator as far as matters concerning the claim is concerned, where there is an ultimate liability on the insurance company. Under the facts in the instant case, as developed by the testimony and arguments and briefs of counsel, there can be no doubt that the insurance company had an ultimate liability and that it was the agent of the administrator in the presentation and the rejection of claims and that the administrator was bound by the acts and statements of its adjuster who was the agent of the administrator.

It is also argued by the appellee that there was no duty on the administrator to notify the claimant of the death of his decedent. This is true. If the statement of the adjuster had only gone to the fact of death, there would be no argument. However, where the adjuster went beyond that fact and then deliberately stated a fact which he must have known not to be true, that the death occurred only three or four weeks before the middle of December or thereabouts, the conclusion is ines-

capable that he did so with the intent to deceive and to lull the claimant into repose, while holding out the hope of a favorable settlement. We might here also record the fact that the record shows that this hope was also extended to the claimant during most of the time that the proposition was pending in the Probate Court up until June 1958 when the final decision was rendered. There could be no more vivid illustration of a wrongful statement.

With these matters disposed of in our minds, what is the law binding upon this court as to disturbing the discretion of the lower court under this statute? In the first place it is established law in Ohio that this section (2117.07), being of a remedial nature, is to be construed liberally in favor of the claimant. (See *In re Estate of Price,* 87 Ohio App., 23, 93 N. E. [2d], 769, the fourth paragraph of the syllabus.) With this pronouncement we agree. True it is that this section (2117.07) is designed to facilitate the settlement of estates, but in the instant case a delay of six days, compared with the delay of the trial court of three months after having heard the case, cannot be construed as an element mitigating against the claimant in this regard.

After all, the judicial process is designed to promote substantial justice. While a reviewing court cannot pass upon the merits of a controversy as such, nor can we take general equitable principles into consideration as was perhaps allowable under a former analogous statute, we can and should bear these matters in mind when passing upon an alleged abuse of discretion in a trial court.

It is true that this statute, Section 2117.07, Revised Code, uses the word "may" in connection with the finding on the exemptions therein contained. However, it is held in the case of *In re Estate of Gogan,* 63 Ohio Law Abs., 69, 108 N. E. (2d), 170, that this use did not prevent a reviewing court from finding an abuse of discretion where the facts in the particular case warranted it. With this pronouncement we are in accord. We are not unmindful of the pronouncement in the case of *State, ex rel. Fulton, Supt.,* v. *Coburn,* 133 Ohio St., 192, 12 N. E. (2d), 471, to the effect that reviewing courts should be slow to hold that an abuse of discretion existed in lower courts.

However, in the instant case, in accordance with the views above expressed, it is our considered judgment that the trial court abused its discretion in not allowing the claimant to present his claim. The delay was trifling. No injury to the estate by reason of the delay was shown. The claim on its face had merits. Substantial justice would seemingly require an adjudication of the merits thereof. The request for an amendment to the petition, if not exactly timely, in effect apprised the court of the question presented; it was based on adequate grounds. The failure of the court to grant the motion was evidently based upon technical grounds. It was not based upon grounds of substantial justice. This was not in accord with the spirit of the statute as we view it.

We consequently hold that the trial court abused its discretion in refusing to allow the filing of the claim as petitioned for by the claimant in its original petition and in its petition to amend its original petition. This court, coming now on to adjudicate under the evidence in this case and the law applicable thereto, renders the judgment which the lower court should have rendered, and that is that the prayer of the petition be allowed; that the original petition be amended to conform to the proof; and that under the proof and under the law the claimant should be, and hereby is, allowed the right to file his claim.

*Judgment accordingly.*

McLaughlin, J., concurs.

McClintock, P. J., dissenting. This is an appeal on questions of law from a judgment of the Probate Court of Stark County, Ohio. The notice of appeal reads as follows:

"Mike Bort, petitioner for authority to present claims to the executor herein, gives notice of appeal to the Court of Appeals from the judgment rendered by the Probate Court of Stark County in the above-entitled cause on the 24th day of June, 1958, and from the order of the court overruling petitioner's motion for leave to amend entered July 10, 1958. Said appeal is on questions of law."

A hearing was had in the Probate Court and that court

made separate findings of fact and conclusions of law, which read as follows:

"Pursuant to the provisions of Revised Code Section 2315.22 and the request of petitioner, Mike Bort, to the court to state in writing the conclusions of fact found separately from the conclusions of law, the court supplements its opinion of May 19, 1958, as follows:

"As conclusions of fact, the court finds:

"1. The address of the residence of decedent was at all times at 2586 Blake Avenue N. W. in Canton, the county seat of Stark County, Ohio, and was accurately reported in the State Highway Patrol investigation of the accident involved in this cause occurring on February 8, 1957. Counsel for petitioners, John A. Willo, obtained a copy of the State Highway Patrol report and thus knew of the address of decedent on or before February 23, 1957, when he mailed 'Petitioners' Exhibit 1' to decedent at his correct residence address.

"2. Russell Umbenhour was appointed executor of the estate of Harry H. Howe, deceased, on September 4, 1957, and at all times since his appointment has lived at the same address, 2606 Blake Avenue N. W., Canton, Stark County, Ohio.

"3. In November, 1957, petitioner, Mike Bort, and Attorney John A. Willo had a conversation in the hospital, the subject of which was that each had learned of the death of Harry H. Howe independent of the other. Prior to this conversation each had acquired an intelligent apprehension of the death of decedent from information which a reasonable person should have acted upon and regulated his conduct accordingly.

"4. Knowledge of decedent's death was confirmed in a conversation had by Attorney Willo, representing petitioners, with Fred Wilkie, representing decedent's estate, in the middle of December, 1957.

"5. No effort was made by petitioners or their counsel to ascertain if a fiduciary had been appointed in Stark County until after January 1, 1958, and then only by letter from counsel which was immediately answered by 'Petitioners' Exhibit 2,' dated January 6, 1958. If any diligent effort had been made by petitioners or their counsel when they first learned of the death of decedent or even as late as when his death was con-

firmed in the conversation with Mr. Wilkie in December of 1957, they would have ascertained the appointment in ample time to present their claims within four months after the appointment.

"6. The four months period, after the date of appointment, expired on January 4, 1958, with no claims being presented to the executor, but with counsel for petitioners being able to draw up and execute the petitions filed in this cause by January 10, 1958, and file the same immediately, after receiving 'Petitioners' Exhibit 2' mailed from Canton, Ohio on January 6, 1958.

"7. No evidence was presented in behalf of the petition of Lizzie Bort, but said petitioner was at all times represented by Attorney John A. Willo who likewise represented petitioner, Mike Bort.

"As conclusions of law in this cause, based on the foregoing conclusions of fact, the court finds:

"1. No claims were filed by either petitioner with the executor of decedent's estate within four months after the appointment of the executor as required by Revised Code Section 2117.07.

"2. Petitioners acquired actual notice of decedent's death within four months after the appointment of the executor of the estate of Harry H. Howe and in sufficient time to present their claims within said four months period so as to preclude any right to present any claim after the expiration of the four months period.

"3. Petitioners failed to exercise diligence to ascertain the appointment of the executor after acquiring actual notice of decedent's death, when, by exercise of such diligence, they would have learned of the appointment in time to have had ample and fair opportunity to present their claims within four months after said appointment.

"Counsel for the estate of Harry H. Howe, deceased, shall prepare a journal entry and forward the same to Attorney John A. Willo, 509-510 Union National Building, Youngstown, Ohio for approval and filing on or before the 13th day of June, 1958."

After a complete and careful reading of the record, I am in complete accord with the findings of fact and conclusions of law made by the Probate Court.

Thereafter on June 18, 1958, appellant moved the court for leave to amend his petition "by adding thereto the additional ground of fraud and misrepresentation," which was overruled by the court in a journal entry filed on July 10, 1958.

The appellant's claim is based on Section 2117.07 of the Revised Code, which reads as follows:

"Anyone having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) *That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06 of the Revised Code*;

"(B) That the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney;

"(C) That the claimant was subject to any legal disability during such period or any part thereof.

"A claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees, and distributees and no payment shall be made nor any action maintained thereon, except as otherwise provided in Sections 2117 37 to 2117.42, inclusive, of the Revised Code, with reference to contingent claims."

On the questions of law involved in this case, I cite *In re Estate of Marrs*, 158 Ohio St., 95, 107 N. E. (2d), 148, the syllabus of which reads as follows:

"1. One who has a claim against a decedent's estate and

fails to present the same in writing to the executor or administrator within four months of his appointment, as required by Section 10509-112, General Code, may, after the expiration of such time, under Section 10509-134, General Code, petition the Probate Court for leave to do so and where upon hearing the court finds 'that the claimant did not have actual notice of the decedent's death *or* of the appointment of the executor or administrator in sufficient time to present his claim within the time prescribed by law * * * then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period.'

"2. The disjunctive conjunction 'or,' is used in Section 10509-134, General Code, in its ordinary sense and meaning, and where upon hearing of the petition for authority to file a belated claim the evidence discloses that claimant actually knew of the decedent's death and his place of residence shortly after the death occurred and that in the exercise of reasonable diligence the claimant could have learned of the appointment of an administrator and thereafter had a fair opportunity to present his claim within the four months prescribed by Section 10509-112, General Code, the court is chargeable with no error or abuse of discretion in denying claimant authority to present such claim."

The Court was unanimous in its decision, with the exception of Middleton, J., who wrote a dissenting opinion, which reads as follows:

"MIDDLETON, J., dissenting. As I read Section 10509-134, General Code, the absence of actual knowledge of either the death or of the appointment of the executor or administrator warrants the court in permitting the claimant to file his claim after the expiration of four months. The record clearly establishes that the claimant did not have actual knowledge of the appointment of an executor or administrator. The construction adopted in the majority opinion has the effect of nullifying and writing out of the statute the words, 'or of the appointment of the executor or administrator.' "

I also cite *In re Estate of Hamlin*, 54 Ohio Law Abs., 257, 87 N. E. (2d), 691:

"1. Actual notice, as it appears in Section 10509-134, G. C., is a conclusion of fact capable of being established by all grades of legitimate evidence.

"2. If a person presenting a claim under the provisions of Section 10509-134, G. C., has in some way been brought to an intelligent apprehension of the death of decedent, or the appointment of the executor or administrator, so that a reasonable man would act upon the information and regulate his conduct thereby, he has actual notice of same.

"3. The only notice which the law required as to the appointment of an administrator is publication of the appointment which is constructive notice to all persons interested in the estate.

"4. One who has been negotiating with the agent of an insurance company with reference to his claim against a person whose death he subsequently read about in the newspaper had such knowledge of the death as would constitute 'actual notice' not only of his death, but of the appointment of the administrator, justifying denial of a petition for reinstatement of his barred claim against the estate of the deceased."

See, also, *In re Estate of Natherson,* 102 Ohio App., 475, 134 N. E. (2d), 852, 57 A. L. R. (2d), 1297:

"1. The purpose of Sections 2117.06 and 2117.07, Revised Code, requiring, with some exceptions, the filing of claims within four months after the appointment of the administrator or executor, is to promote the prompt and expeditious settlement of estates of decedents, and the designation of the statutes as nonclaim statues or statutes of limitation is not important.

"2. Claims filed against estates of decedents more than four months after the appointment of an administrator or executor must be filed in conformity with the statutes and not predicated on general principles of equity outside the purview of the statutes, as the statutes provide the exclusive remedy to file belated claims.

"3. Under the provisions of subsection (A) of Section 2117.07, Revised Code, such late claims against the estate of a deceased physician may not be allowed where claimants had actual notice of the decedent's death at or about the time there-

of by reading newspaper articles published at the time of that event.

"4. Under the provisions of subsection (B) of Section 2117.07, Revised Code, in a proceeding to file late claims against the estate of a decedent by claimants who charge that such physician had concealed his negligence in a surgical operation, the alleged wrongful acts of the physician do not qualify claimant's belated claim where it is not claimed that. there was any wrongful act on the part of the administratrix or her attorney, which would qualify claimants for relief under this section, as the acts of decedent are not imputed to the administratrix or her attorney.

"5. Where claims against a deceased physician's estate are based on negligence or malpractice arising out of the performance of a surgical operation, Section 2305.09, Revised Code, which provides that an action shall not accrue until the fraud is discovered, has no application because by the terms of the statute it has application only where fraud is the ground or gist of the action.

"6. In considering legislative intent with respect to the enactment of Section 2117.07, Revised Code, it is clear that the Legislature in limiting subsection (B) to any wrongful act or statement upon the part of the executor or administrator or his attorney did not intend expressly or by implication to extend the provisions of the act to any wrongful act or statement of the decedent."

And see, also, *In re Estate of Miller*, 98 Ohio App., 445, 129 N. E. (2d), 838:

"1. Where a claimant seeking to file a belated claim under Section 2117.07, Revised Code, actually knew of decedent's death and in the exercise of reasonable diligence could have learned of the appointment of an administrator and thereafter had a fair opportunity to present his claim within the four months prescribed by Section 2117.06, Revised Code, the Probate Court is chargeable with no error or abuse of discretion in denying such claimant authority to present such claim.

"2. Counsel for the administrator of the deceased's estate has no duty to advise such claimant of the name of the administrator, and is under no duty to advise the claimant of his error in

wrongfully presenting his claim to the decedent's widow, under the mistaken belief that she was the administratrix of decedent's estate, instead of to the court-appointed administrator.''

Appellant also claims that his failure to present his claim was due to the wrongful act or statement on the part of the executor or administrator or attorney.

Even if there had been fraud in this case, it would constitute no excuse for failure to present the claim within the time prescribed under those circumstances, and would not call for the court to exercise its discretion, in view of the fact that the court below did specifically find that the appellant did have such actual notice in sufficient time, a finding with which I am in complete accord.

In conclusion, for the reasons herein stated, I am clearly of the opinion that none of the claims of the appellant are well taken, and that the judgment of the Probate Court should be affirmed.