IN RE ESTATE OF McCRACKEN.

[Cite as In re Estate of McCracken, 9 Ohio Misc. 195.]

(No. 24130—Decided January 18, 1967.)

Probate Court of Portage County.

*Mr. E. F. Mooneyham*, for the claimant.

*Mr. Charles E. Zumkehr, Messrs. Williams & Purtill*, for the executor.

DIETRICH, P. J.   Section 2117.06, Revised Code, provides that all creditors having claims against an estate shall present their claims to the executor or administrator within four months after the date of the appointment of said executor or administrator.

This matter is before the court on the application of Louise Hoffman for permission to file her claim with the executor of this estate, more than four months after his appointment, as provided by Section 2117.07, Revised Code.   The evidence proved that the facts regarding said application are as follows:

Letters testamentary were issued to Newton McCracken on May 12, 1966.   On September 7, 1966, counsel for said applicant, Louise Hoffman, mailed to the correct home address of the executor, a statement of her claim with proper legal affidavit.   The envelope was sent by "certified mail" and a returned receipt was requested.   This was a legal method for presentment of a claim to an executor under an established rule of this court.   The letter accompanying the notice of the claim asked that the executor advise the claimant within five days of his allowance or rejection of the claim.

The record of the post office shows that on September 7, 1966, a notice of the receipt of the letter was sent to the executor.   A second notice was sent to him on September 12, 1966. On September 25th, the letter bearing the notice was returned to the claimant by the post office department.

The evidence showed further that beginning September 5, 1966, the executor was absent from the jurisdiction, and remained away until the expiration of the four months period on September 12, 1966. He left instructions with the post office to hold all his mail until his return. No evidence was adduced that would prove that counsel for the claimant at the time of mailing her claim knew that the executor was absent from the jurisdiction.

Section 2117.07, Revised Code, contains the following provisions pertinent to this matter. "Anyone having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration for such time." The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

(B) That the claimant's failure to present the claim was due to the absence of the administrator or the executor from his usual place of residence on business during a substantial part of such time or due to a wrongful act by the executor or administrator or his attorney.

Section 1.11, Revised Code, states:

"Remedial laws and all proceedings under them shall be liberally construed to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws."

It is well established that Section 2117.07, Revised Code, is remedial in nature. *In re: Estate of Erbaugh*, 73 Ohio App. 533, 57 N. E. 2d 294. *In re: Estate of Price*, 87 Ohio App. 23; 93 N. E. 2d 769. *In re: Estate of Howe*, 107 Ohio App. 361; 159 N. E. 2d 622. Bovier explains a remedial statute as one which furnishes a new remedy to a claimant who has suffered an injustice due to the technical requirements of a general statute. The obvious purpose of the four months statute is to bar those claimants who through indifference, carelessness, or a dilatory attitude fail to make an effort to file their claims within the prescribed time.

In this case, the claimant did attempt to file her claim before the time expired. Under normal circumstances, the

claim having been mailed to the executor would have been delivered to him before the time expired. When the claim was properly mailed, the claimant had made a sincere effort to bring it to the attention of the executor. If a claimant is diligent in his attempt to file a claim surely the executor is under some obligation to have such an arrangement as will make it possible for a claim to reach him during his absence. The records of this court will show, and it is a matter of general knowledge, that most claims against an estate are filed during the latter part of the period designated for filing. If the executor is to be absent from the jurisdiction during the latter part of the period; is not due to return until the time has expired and makes no arrangements for letters to reach him, he can effectively prevent the filing of many claims.

One of the exceptions made in Section 2117.07, Revised Code, is "that the claimant's failure to present his claim was due to any wrongful act on the part of the executor." It is the conclusion of the court that the executor's failure to make any arrangement by which a mailed claim could be delivered to his residence or an agent during his absence, under the circumstances of this case; constituted a "wrongful act" that prevented the claimant from filing her claim on time.

The statements of Putnam, J., in the *Howe case*, pp. 366, 367, are peculiarly apropos in this case.

"After all, the judicial process is designed to promote substantial justice.—It is our considered judgment that the trial court abused its discretion in not permitting the claimant to present his claim. No injury to the estate by reason of the delay was shown. The claim on its face had merits. Substantial justice would seemingly require an adjudication of the merits thereof. The failure of the court to grant the motion was evidently based on technical grounds. It was not based upon grounds of substantial justice. This was not in accord with the spirit of the statute as we view it."

The petition for authority to present claim is hereby granted. Counsel for the claimant will present an entry in accordance with this findings, noting proper exceptions.