**GRESS, ESTATE OF, In Re.**

Probate Court, Montgomery County.

No. 97652. Decided February 8, 1944.

Miller & Finney, Xenia, for the guardian.
Pickrel, Schaeffer & Ebeling, Dayton, for the administrator.

## OPINION

By WISEMAN, J.

This matter comes on to be heard on the application of Alice I. Pemberton, as guardian of George H. Pemberton, a minor, for authority to present a claim for damages, in the amount of $50,000, against the estate of James Gress, under the provisions of §10509-134 GC.

This matter was submitted on an agreed statement of facts, the pertinent facts of which are as follows: That the decedent, James Gress, was killed in an automobile accident which occurred in Greene County, Ohio, on August 16, 1942; that the claimant, George H. Pemberton, was injured in the same automobile accident, as a result of which the claim for damages arose; that George H. Pemberton was a minor at the time the accident occurred, and is still a minor; that on January 23, 1943, Alice I. Pemberton was duly appointed his guardian by the Probate Court of Greene County, Ohio, and is still acting as such; that both said minor and his guardian knew of the death of the decedent; that on April 26, 1943, counsel for the minor was advised that the estate of the decedent denied all liability and that any claim asserted by the minor would be rejected, and that an administrator would be appointed for the decedent's estate; that a few days there-

after, to wit, on May 4, 1943, Oliver Gress was appointed administrator for said estate by the Probate Court of Montgomery County, Ohio, and is still acting as such; that said administrator was present at his usual place of business, and at his residence, during the four months succeeding his appointment; that on May 18, 1943, the guardian for the minor filed an action in the Common Pleas Court of Greene County, Ohio, against the defendant administrator, which action is still pending in said court; that no claim was presented by the guardian to the administrator within four months after his appointment.

Under the agreed statement of facts, is the applicant entitled to an order of this court authorizing the guardian to present the claim against the estate? In this case, the claimant failed to present a claim to the administrator within four months after his appointment, although both the claimant and his guardian knew of the death of the decedent and of the appointment of the administrator. The controlling section of the Probate Code is §10509-134 GC, which prescribes the procedure which must be pursued by a claimant who fails to present his claim within four months after the appointment of the administrator. This section provides that:

"If upon hearing the court finds * * * (c) that the claimant was subject to any legal disability during such period or any part thereof, then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period * * *."

During the entire four-month period the claimant was, and still is, a minor. His guardian, however, was appointed on January 23, 1943, and the administrator of decedent's estate was not appointed until May 4, 1943. During the entire period within which a claim could have been presented to the administrator, as provided by §10509-112 GC, the claimant was under legal guardianship.

It is contended that since the claimant was under legal guardianship, he was not under legal disability within the provisions of §10509-134 GC, which gives a remedy to a claimant who was subject to "any legal disability" during the period within which the claim should have been presented. The precise question for the court to determine is whether this claimant is entitled to the benefits of this section, even though he and his guardian had knowledge of the death of the de-

cedent and of the appointment of the administrator, and could have presented the claim within four months after said appointment.

It has been held that §10509-134 GC, is a statute of limitations. **Beach v Mizner, 131 Oh St 481; State, ex rel. Fulton v Coburn, 133 Oh St 192; In re Estate of Erbaugh, 38 Abs 574.** The general rule is that the statute of limitations does not run against infants during their minority. What effect does such a statute have on the rights of an infant who is under legal guardianship? We found no reported opinion in Ohio on this proposition. In Vol. 6, A. L. R., p. 1690, the rule is stated as follows:

"In most jurisdictions it is held that, where the legal title or right of action is in the infant, the Statute of Limitations does not run against him during his minority, although a general guardian has been appointed, and suit may be instituted by him within the statutory period after reaching his majority."

On page 1689 of Vol. 6, A. L. R., there is an annotation which discusses very thoroughly this proposition of law, in which numerous cases have been cited in support thereof. Applying this principle of law to the facts in this case, the court would have no difficulty in holding that the fact that this minor was under guardianship during the four-month period within which claims could be presented against the administrator, would not deprive the minor of the benefits of §10509-134 GC.

The court is not required to rely solely upon the language of §10509-134 GC, in determining this question. **Sec. 10512-2 GC**, provides as follows:

"The term 'legal disability' as used in this act shall include the following: (a) persons under the age of twenty-one years; (b) persons of unsound mind; (c) persons in captivity; (d) persons under guardianship of the person and estate or either."

This was a new section, effective January 1, 1932. The words "this act" as used in this section refer to the Probate Code. **Sec. 10500-1 GC. Sec. 10509-134 GC**, has been amended several times since the effective date of the Probate Code; the last amendment, effective August 22, 1941, was in full force and effect at the time this action arose and during the period

within which claims should have been presented. The legislature, in enacting this section in its present form, was cognizant of the provisions of all other related sections, including §10512-2 GC, which defines legal disability. The general rule of statutory construction, and the effect given to related sections in construing an amended section of a statute, is stated in **Vol. 37, O. Jur., p. 767,** as follows:

"Similarly, an amendment operates the same as if the present statute is re-enacted with the amendment; and therefore, an act amending one or more sections of a statute should be considered in connection with, and as if embodied in, the whole statute of which it has become a part. The amended sections are presumed to have been made in contemplation of the provisions of the unamended sections of the original act."

**Section 10509-134 GC,** and §10512-2 GC, are in pari materia and must be construed together. The latter section expressly provides that "persons under guardianship of the person and estate or either" are under "legal disability" as that term is used in the Probate Code. Consequently, this claimant was under legal disability within the provisions of §10509-134 GC, during the four months succeeding the appointment of the administrator, even though during said period he had a legal guardian who could have presented a claim during said period. The failure of the guardian to present the claim during the four-month period does not deprive this claimant of the benefits of this section, and he is entitled to an order of this court authorizing the guardian to present said claim for damages to the administrator, for allowance or rejection, as provided by law.

**Section 10509-134 GC,** contains a proviso which requires a claim to be presented to the administrator within nine months after the date of his appointment, or be forever barred. This proviso reads as follows:

"Provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including devisees, legatees and distributees, and no payment shall be made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims."

More than nine months has elapsed since the appointment of the administrator. The application for authority to present

the claim, however, was filed within the nine-month period, to wit, on November 17, 1943. It has been held that the filing of the application within nine months after the appointment of the administrator tolls the running of the statute, and such claim may be presented under the order of the court to the administrator after the expiration of the nine-month period. **In re Estate of Erbaugh, supra.**

The costs of this proceeding are assessed against the guardian.

Counsel will draw the proper entry.