**GOGAN, Deceased: Estate of, In re.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22235.    Decided October 8, 1951.

McConnell, Blackmore, Cory & Burke, Cleveland, for plaintiff-appellee.

Corrigan, McMahon & Corrigan, Cleveland, for defendant-appellant.

(PHILLIPS, J, of the 7th District, sitting by designation in place of Hurd, J.)

## OPINION

By PHILLIPS, J.:

The question presented for our consideration and determination by appellant's appeal on questions of law, is the interpretation of §10509-134 GC, and the action of the Probate Court in refusing to allow appellant to file his petition for authority to present an alleged claim with the Administrator more than four months after the latter's appointment.

Sec. 10509-134 GC as amended, effective Aug. 22, 1941, as it applies to presentation of claims presented more than four months after appointment of administrator, provides as follows:

"A claimant who has failed to present his claim to the executor or administrator within the time prescribed by law may file a petition in the probate court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing, and at least five days before the date of the hearing, the claimant shall give written notice thereof to the executor or administrator and to such other parties, if any, as the court may designate. If upon hearing the court finds (a) that the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by law, or (b) that the claimant's failure to present his claim was due to the absence of the executor or administrator from his usual place of residence or business during a substantial part of such period or was due to any wrongful act or statement on the part of the executor or administrator or his attorney, or (c) that the claimant was subject to any legal disability during such period or any part thereof, then the court may authorize such claimant to present his claim to the executor or administrator after the expiration of such period; provided, however, that a claim which is not presented within nine months from the appointment of the executor or administrator shall be forever barred as to all parties, including

devisees, legatees and distributees, and no payment shall be made nor any action maintained thereon, except as otherwise provided in this chapter with reference to contingent claims. * * *."

The evidence discloses that the administrator was appointed on July 21, 1950 and that later on August 17, 1950, he was appointed administrator with the will annexed and that appellant filed his petition for authority to present his alleged claim to the administrator on February 24, 1951 which petition was subsequently dismissed by the Probate Judge. Further, the evidence shows that between July 17, 1950 and January 23 1951, appellant was continuously held without bail and at all such times imprisoned in the Cuyahoga County jail under an indictment for murder in the first degree, of which crime he was acquitted by a jury on January 23, 1951 and thereafter discharged.

Appellant claims that during the four month period allowed by §10509-112 GC, for presentation of his claim, he was under legal disability as defined in §10509-134 GC, and therefore was excused from presentation of his alleged claim during the four month period immediately subsequent to the appointment of the administrator.

Examining §10509-134 GC, we note that sub-section (c) thereof pertains to the rights of claimants under any legal disability during the stated statutory period for filing claims. "Legal Disability" as used in the Probate Court Act is specifically defined in §10512-2 GC:

"The term 'legal disability' as used in this act shall include the following: (a) persons under the age of twenty-one years; (b) persons of unsound mind; (c) persons in captivity; (d) persons under guardianship of the person and estate or either."

Sec. 10509-134 GC, and §10512-2 GC, must be read and construed in pari materia. See: **In re estate of Gress, 40 Abs 172, 28 O. O. 168; Home Owners Loan Corporation v. Doolittle, 57 Oh Ap 329.**

Two members of this Court believe that a person confined in a county jail, as was appellant, is 'a person in captivity' as defined in §10512-2 GC, and therefore that appellant was under legal disability until January 23, 1951. See: **In re Pontius, 6 Oh Ap 249,** a habeas corpus proceeding in which the Court declared that:

"Any restraint of one's personal liberty is sufficient to constitute imprisonment and any restraint of a person by another against his will is imprisonment as contemplated by law."

While it is true that the permissive word 'may' rather than

the mandatory word 'shall' is used in §10509-134 GC designating the authority of the Probate Court to permit appellant to file his alleged claim with the administrator more than four months after his appointment, none the less, in view of the clear showing of legal disability on appellant's part, we are constrained to hold in construing §10509-134 and §10512-2 GC, together, that the Probate Court abused its discretion in dismissing appellant's petition for authority to file his alleged claim with the administrator.

The judgment of the Probate Court is therefore reversed for the reasons stated herein.

The cause is remanded for further proceedings according to law. Exceptions noted. Order see journal.

THOMPSON, J, concurs.
SKEEL, PJ, dissents.

### DISSENTING OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a final order of the Probate Court overruling appellant's motion for leave to file a claim against the Estate of Hazel M. Gogan, deceased. The appellant was the husband of the deceased.

Prior to her death, the appellant and the deceased entered into a separation agreement, whereby the appellant agreed to pay the deceased certain monies, the debt to be evidenced by notes and secured by collateral. By the agreement, the amount payable was contingent upon the life of Hazel M. Gogan.

The deceased died July 17, 1950. The appellant was charged with murder in the first degree as a result of her death. He was confined in County Jail on such charge from July 17, 1950 until his acquittal on January 23, 1951.

The Probate Court appointed William C. Blackmore, Administrator of the estate of Hazel M. Gogan on July 21, 1950 and later, to-wit on August 17, 1950, he was appointed administrator with the will annexed. The appellant was, by the will, named as executor as well as beneficiary. While in the County Jail, to-wit, on August 5, 1950, the appellant executed and caused to be filed in Probate Court on August 17, 1950, a declination to act as executor and renounced any right or claim to the estate, either under the will or by statute and reaffirmed paragraphs 7, 8 and 9 of the separation agreement, which provisions waived any right or claim to any part of the estate of Hazel M. Gogan.

After his acquittal, the appellant on February 24, 1951, filed a petition for authority to present claims against the estate of Hazel M. Gogan. The claims set out in the petition were three in number:

1. The return of two life insurance policies or endowment agreements with The Sun Life Assurance Company of Canada which had been deposited with the deceased as in part required by the separation agreement.

2. The return of certain promissory notes claimed to have been cancelled by the provisions of the separation agreement as a result of the death of Hazel M. Gogan.

3. The return of three pictures claimed to be the property of the appellant.

As to the first of these claims, the petition alleges that the administrator has collected the entire surrender value of the policies amounting to the approximate sum of $71,-000.00, although a part of the debt for which the policies were assigned to secure was cancelled under the terms of the separation agreement by the death of Hazel M. Gogan. There are, therefore, allegations in the petition, which if true, could not be reached by filing a claim against the estate.

Upon trial, the appellant in effect explained his failure to file his claim within the time prescribed by §10509-112 GC (four months) because he was under disability as defined by §10512-2 GC. That is, that being in the county jail awaiting trial for murder which under the circumstances was not a bailable offense, he was "in captivity."

There was some evidence before the trial court and that court in its opinion commented upon the fact that the appellant did have access to the outside world through counsel and friends and could have filed such claim, knowing the administrator had been appointed, but did not do so because of the supposed detrimental effect it would have in the trial of the murder case. He, therefore, knowingly failed to file his claim.

The statute (§10509-134 GC) giving authority to the Probate Court to permit a claimant to file a claim with the administrator of an estate after expiration of the four months period from the date of his appointment, is permissive only and gives the court broad discretionary powers. It provides in part that:

"if * * * the claimant was subject to any legal disability during such period or any part thereof, then the court may authorize such claimant to present his claim * * *."

The right to file such claim rests within the sound discretion of the court. While the right to have alleged claims

74

judicially determined should transcend all other considerations, no matter what the surrounding circumstances may be, especially where no one's rights have been prejudiced by the delay, the only grounds upon which a reviewing court can reverse an order refusing the right to file a claim, is by holding that such refusal constituted an abuse of discretion. Under all the circumstances of this case, there is no such showing. The order should, therefore, be affirmed.