IN RE ESTATE OF FULLER: JAYCOX, A MINOR, APPELLANT, *v.*
FULLER, EXR., APPELLEE.

(No. 297—Decided June 8, 1960.)

*Messrs. Meade, Weygandt & Leonard,* for appellant.
*Mr. Harold L. Williams* and *Messrs. Laribee & Cooper,* for appellee.

HUNSICKER, J.  Mattie L. Fuller died on December 23, 1958, and on January 9, 1959, Mark Fuller was appointed executor of her last will and testament.  At the time of the death of Mattie L. Fuller, there was pending and at issue in the Court of Common Pleas of Medina County, an action against Mrs. Fuller for personal injuries alleged to have been suffered by Denna Jaycox, a 13-year-old child.  The action brought by Denna Jaycox of necessity was instituted by her next friend, in this case her mother, Catherine Jaycox.

No application for revivor of her pending action was filed by Denna Jaycox within the time limit set by Section 2311.31,

Revised Code. Under the terms of that section, before a pending action can be revived, when the defendant in the action has died, written notice of the application or proceedings for such revivor shall be given to the executor within the time provided for the presentation of claims by creditors in Section 2117.06 of the Revised Code. The time limit as fixed by Section 2117.06, Revised Code, is four months after the date of the appointment of the executor. The revivor must be made by the court in which the action is pending.

In the case of *Miller* v. *Andre*, 167 Ohio St., 83, the Supreme Court of Ohio said:

"6. Where an action for money is instituted, and the defendant therein files an answer and thereafter dies, the law does not require a further presentation of the claim to an executor or administrator of the deceased defendant in order to revive such action."

And at pages 87 and 88, the following is stated:

"Section 2311.31 does not require the presentation of a claim, where an action which survives has been brought against a living person and that person has filed an answer and the cause is at issue. *Musser's Exr.* v. *Chase*, 29 Ohio St., 577; *Goehring* v. *Dillard, a Minor*, 145 Ohio St., 41, 60 N. E. (2d), 704, 158 A. L. R., 299. It provides only that written notice of the application or proceedings for a revivor be given to the executor or administrator within a prescribed time."

It must be noted in the *Miller* v. *Andre case, supra*, that the action there taken was similar to the application in the instant case. There the Common Pleas Court, in which the application for revivor was filed, determined that "if the Probate Court should allow plaintiff to present her claim to the executrix, the plaintiff might then proceed to revive the cause * * *."

When the application to present the claim to the executor was filed in the instant case, counsel for Denna Jaycox, the minor, set out two of the three exceptions provided for in Section 2117.07, Revised Code. This statute, in part, says: "The court [Probate Court] may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds" that the claimant falls within one of the exceptions set out in the statute. This statute (Section 2117.07,

Revised Code) must be read *in pari materia* with the time-limit statute (Section 2117.06, Revised Code), thus providing relief in all cases coming within its provisions where the limitation statute (Section 2117.06, Revised Code) may be raised as a bar to the prosecution of a pending action against the estate of a deceased person.

Denna Jaycox, the minor, established without question that she came within at least one of the exceptions set out in Section 2117.07, Revised Code, to wit: "(C) That the claimant was subject to any legal disability during such period or any part thereof."

The trial court, notwithstanding the fact that Denna Jaycox was a minor, and under legal disability as defined by Section 2131.02, Revised Code, and hence subject to Section 2117.07 (C), Revised Code, denied the application to present the claim to the executor. The Probate Court, by granting the right to present the claim, would have given the Court of Common Pleas the right to revive the pending action for personal injury, alleged to have been inflicted upon the minor.

It is from the denial of the application to present the claim, and hence preventing the revivor of the action, that an appeal on questions of law has been lodged in this court.

We have indicated above our belief that, when Section 2311.31, Revised Code, set out the time limit of revivor, in situations such as we have herein, such time limit, as fixed by Section 2117.06, Revised Code, necessarily included the exceptions to the time limitation as fixed by Section 2117.07, Revised Code.

The Probate Court, in refusing to accept the uncontradicted evidence with respect to the disability provision of Section 2117.07 (C), Revised Code, in this case abused its discretion and acted contrary to law.

The determination which we reach in this case is supported by the reasoning and conclusions reached in other cases arising out of interpretations of the rights granted by the statutory law of this state. Among such cases are: *In re Estate of Gogan*, 63 Ohio Law Abs., 69, and *In re Estate of Howe*, 107 Ohio App., 361.

For the reasons above set out, we reverse the judgment entered by the Probate Court, and remand the cause to that

court, with instructions to grant the application to proceed with a request for revivor of the pending personal injury action.

*Judgment reversed, and cause remanded with instructions.*

DOYLE, P. J., and STEVENS, J., concur.