JOURNAL ENTRY AND OPINION
Defendant-appellant, James Kucharski, appeals the decision of the Cuyahoga Common Pleas Court, Domestic Relations Division, denying his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.
The record reflects that plaintiff-appellee, Joan Kucharski, and appellant were married on August 19, 1989. On September 25, 1995, appellant inherited an undivided one-third interest in industrial property located at 1347 Middlebury Road, Kent, Ohio from his father.
Appellant was incarcerated in early 1996. On June 6, 1996, appellant executed a quitclaim deed transferring his interest in the Kent property to appellee. The deed was witnessed and notarized. Subsequently, on October 10, 1996, the appellant and appellee executed a quitclaim deed transferring their interest in the property to appellee's son, William R. Weakland.
In early February, 1997, while appellant was incarcerated at the Belmont Correctional Facility, appellee forwarded to appellant a complaint for divorce, a proposed separation agreement and documents regarding waiver of service and waiver of counsel.
On February 18, 1997, appellant executed the separation agreement. He also executed a document acknowledging receipt of the complaint for divorce and waiving his right to personal service of the complaint and summons. Appellant also executed a document waiving his right to have counsel represent him at the divorce hearing. Appellant agreed to proceed without an attorney in the uncontested divorce, "so long as the separation agreement executed, by me, this day, is incorporated into the decree." The separation agreement, waiver of service and waiver of counsel forms were properly witnessed and notarized.
On February 26, 1997, appellee filed the complaint for divorce, waiver of counsel and waiver of service with the clerk of court. On February 28, 1997, the clerk of court sent a copy of the complaint and summons to appellant at the Belmont Correctional Institution. The certified mail receipt was returned to the clerk of courts by the postal service on March 10, 1997. The return receipt was signed by someone other than appellant, however, and was undated. Appellee was released from Belmont on March 8, 1997 and avers that he did not receive a copy of the complaint.
After being released from prison, appellant contacted appellee several times, advising her of the date and location of the scheduled divorce hearing. Appellant did not file an answer to appellee's complaint, however, or challenge the separation agreement.
On April 15, 1997, appellee appeared with counsel for the hearing. Appellant did not appear. The trial court entered a judgment entry granting appellee a divorce from appellant and incorporating the separation agreement signed by appellant and appellee. Appellant did not appeal the judgment rendered on April 15, 1997.
On August 14, 1997, however, appellant filed a Civ.R. 60(B) motion for relief from judgment, alleging that he was entitled to relief from judgement because: 1) he was never served with a copy of the complaint for divorce or given notice of any of the proceedings; 2) the division of property ordered in the April 15, 1997 judgment entry was not fair, just and equitable and improperly allocated the Kent property to appellee; 3) the deeds transferring the Kent property to appellee's son were obtained from appellant by fraud and duress while he was incarcerated and unable to consult legal counsel; and 4) the separation agreement signed by appellant on February 18, 1997 was obtained by fraud and duress while appellant was incarcerated and unable to consult legal counsel. On July 17, 1998, the trial court denied appellant's motion for relief from judgment.
On August 14, 1998, appellant filed his notice of appeal of the trial court's ruling denying his motion for relief from judgment, assigning three assignments of error for our review:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT, WHEN IT WAS APPARENT FROM THE TRIAL COURT'S OWN DOCKET THAT SERVICE OF THE COMPLAINT HAD BEEN ATTEMPTED ON THE DEFENDANT AT AN OHIO PENAL INSTITUTION AND THAT THERE HAD NOT BEEN ACTUAL SERVICE OF THE COMPLAINT ON THE DEFENDANT IN COMPLIANCE WITH CIVIL RULE 4.2(4); AND THERE WAS UNCONTESTED EVIDENCE THAT THE "WAIVER OF SERVICE" OFFERED BY THE PLAINTIFF WAS NOT IN COMPLIANCE WITH CIVIL RULE 4(D) BY REASON THAT THE DEFENDANT'S SIGNATURE THEREON WAS OBTAINED WHILE HE WAS UNDER LEGAL DISABILITY BECAUSE OF IMPRISONMENT IN AN OHIO PENAL INSTITUTION AS PROVIDED BY REVISED CODE SECTION 2131.02(C).
 II. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WHEN THERE WAS UNCONTESTED EVIDENCE THAT THE "SEPARATION AGREEMENT," UPON WHICH THE JUDGMENT FROM WHICH RELIEF WAS SOUGHT WAS BASED IN ITS ENTIRETY, WAS NOT A VALID AGREEMENT BY REASON THAT THE DEFENDANT'S SIGNATURE THEREON WAS OBTAINED WHILE HE WAS UNDER LEGAL DISABILITY BECAUSE OF IMPRISONMENT IN AN OHIO PENAL INSTITUTION AS PROVIDED BY REVISED CODE SECTION 2131.02(C).
 III. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT HOLDING AN EVIDENTIARY HEARING ON THE MOTION.
In his three assignments of error, appellant contends that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment without an evidentiary hearing because he was never served with the complaint and the waiver of service and separation agreement that he signed while incarcerated are not valid. We will address appellant's assignments of error together because they all relate to whether the trial court properly denied relief pursuant to Civ.R. 60(B).
Civ.R. 60(B) enumerates various grounds upon which relief from final judgments and orders may be granted. It states in part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *: (4) the judgment has been satisfied, released or discharged, * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
To prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate that: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The moving party must satisfy all three prongs of the test in order to prevail. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351. Where the movant fails to assert operative facts which would warrant relief under the rule, the motion may be denied without a hearing. Your Financial Community of Ohio, Inc. v.Emerick (1997), 123 Ohio App.3d 601, 608; Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 19.
The grant or denial of a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. The trial court's ruling will not be disturbed on appeal absent an abuse of discretion. Id; Moore v. EmmanuelFamily Training Ctr. (1985), 18 Ohio St.3d 64, 66. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary and unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
Civ.R. 4.2(D) provides that service shall be made "upon an individual confined to a penal institution of this state * * * by serving the individual." Appellant contends that because the certified mail receipt was signed by someone other than appellant and returned to the clerk of courts on March 10, 1997, two days after he was released from prison, service was not perfected as required by Civ.R. 4.2(D), jurisdiction never attached and, therefore, the trial court judgment granting appellee's complaint for divorce is void.
Service by certified mail can be properly executed by delivering service to one other than the named defendant so long as the circumstances are such that successful notification could be reasonably anticipated. Rite Rug Co., Inc. v. Wilson (1995),106 Ohio App.3d 59, 65. The fact that someone other than appellant signed the certified mail receipt, therefore, is not enough, by itself, to establish that service was not perfected upon appellant. Because the certified receipt is undated, however, we are unable to determine when the complaint was actually delivered to the Belmont Correctional Institution. Accordingly, because appellant was released from prison two days before the certified mail receipt was returned to the clerk of courts, we will assume, without deciding, that appellant did not receive actual service of the complaint and summons.
Civ.R. 4(D) provides that service of summons may be waived in writing by any person entitled to service under Civ.R. 4.2, as long as that person is at least eighteen years of age and not under a disability. Appellant contends that although he executed a written waiver of service, the waiver is not valid because he was incarcerated when he signed the waiver and therefore under a "legal disability" that made it impossible for him to sign a valid waiver. Appellant contends that the separation agreement he signed while incarcerated is similarly invalid.
Appellant refers us to two definitions in the Revised Code to support his argument. R.C. 2111.01(D) defines "incompetent," as used in Chapters 2101. to 2131. of the Revised Code, to include any person confined to a penal institution within this state. R.C. 2131.02 provides that:
 "Legal disability" as used in Chapters 2101., 2103., 3105., 2107., 2109., 2111., 2113., 2115., 2117., 2119., 2121., 2123., 2125., 2127., 2129., and 2131., of the Revised Code includes the following:
 (A) Persons under the age of eighteen years; (B) Persons of unsound mind; (C) Persons in captivity; (D) Persons under guardianship of the person and estate, or either.
Appellant contends that pursuant to these definitions, he was under a "legal disability" when he signed the waiver of service, and therefore, the waiver does not meet the requirements of Civ.R. 4(D). We are not persuaded.
The definitions for "incompetent" and "legal disability" set forth in R.C. 2111.01 and R.C. 2131.02 apply specifically to Chapters 2101. through 2131. of the Revised Code. Accordingly, all of the sections to which the definitions apply relate to probate matters. There is nothing in the definitions set forth in R.C. 2111.01 or 2131.02 to suggest that the legislature intended them to apply to any other matters, including domestic relations or divorce matters.
Accordingly, we do not find In re Estate of Grogan (1951), 63 Ohio Law Abs. 69, cited by appellant, to be persuasive. InGrogan, the probate court denied the appellant's petition to file an untimely claim with the administrator of his wife's estate. On appeal, citing Gen. Code Section 10512-2, the almost-identical predecessor to R.C. 2131.02, appellant argued that his untimely petition should have been allowed because he was confined in the county jail, waiting trial for the murder of his wife, during the time when claims were required to be filed. The Court of Appeals agreed, finding that a person confined in a county jail is a "person in captivity" as defined in the Code, and therefore, appellant was excused from presenting his claim during this time because he was under a "legal disability." Grogan, however, dealt strictly with a probate matter, not with a domestic relations matter. Therefore, contrary to appellant's argument, it is not "virtually identical" to this case.
Appellant argues, however, that even though the definitions set forth in R.C. 2111.01 and 2131.02 apply only to probate matters, because there is no other definition of "legal disability" in the Revised Code, we should apply the foregoing definitions to his situation and find that the waiver of service and separation agreement that he signed while incarcerated are void. We disagree, because other sections of the Revised Code implicitly indicate that imprisonment is not a disability for purposes of entering into a valid agreement.
For example, pursuant to R.C. 2305.01, et seq. and 2743.01, et. seq., inmates can file civil complaints against individuals and the state and prosecute such actions. Prior to 1991, R.C. 2305.16
and R.C. 2743.16 provided that imprisonment of the plaintiff at the time the cause of action accrued tolled the statute of limitations applicable to the action during the party's imprisonment. In 1991, however, Senate Bill 125 changed R.C.2305.16 and R.C. 2743.16 to eliminate imprisonment as a disability for tolling the statute of limitations. Implicit in this change is a presumption that not only can inmates file and prosecute actions, but they can also enter into valid agreements to settle their lawsuits.
Moreover, R.C. 3105.01 provides that a common pleas court may grant a divorce for, among other reasons, the "imprisonment of the adverse party in a state or federal correction institution at the time of the filing of the complaint." R.C. 3105.01(H). It is inconceivable that imprisonment could be grounds for divorce but that an imprisoned defendant could not enter into a valid separation agreement as part of the divorce proceeding.
Accordingly, we find that incarceration is not a "legal disability" that prevents an inmate from signing a valid waiver of service or entering into a valid separation agreement. Therefore, because appellant did not present sufficient evidence to indicate that he has a meritorious claim or defense to present if relief were granted, we hold that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment without a hearing.
Appellant's first, second and third assignments of error are therefore overruled.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and MICHAEL J. CORRIGAN, J., CONCUR.
 __________________________________ TIMOTHY E. McMONAGLE JUDGE