### BAUGHMAN et v HOWER

Ohio Appeals, 9th Dist, Summit Co

Decided May 18, 1937

Hobart Roby, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

ROSS, PJ, HAMILTON and MATTHEWS, JJ, (1st Dist) sitting by designation.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Common Pleas Court of Summit County.

The petition was filed by Emma Baughman individually against the defendant who was alleged to have conveyed to the plaintiff and her husband a certain piece of property by warranty deed, containing among other covenants one of assurance "that at and until the ensealing of these presents, we are well seized of the above described premises, as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written."

It is further alleged that by mesne conveyances the plaintiff acquired the undivided one-half interest in . said premises conveyed to her husband and succeeded to all the rights of her husband, that the defendant was not seized of the premises in question, having conveyed the same previously to the state of Ohio, that the premises so conveyed by the defendant were thereafter subdivided by plaintiff and sold to various persons; that one of such grantees presented a deed from plaintiff to the auditor of Summit County, who refused to enter such deed for transfer, for the reason that such property belonged to the State of Ohio, that she was compelled to refuse to execute deeds to another vendee of a part of the premises conveyed by defendant, for the reason that she had no title to the same; that upon demand, defendant refused to secure a good title to such premises, and that plaintiff was put to certain expense to secure such title and for her damages incident thereto she claims compensation.

A motion to strike and make definite and certain was granted in part, and, without objection, plaintiff was given time to file an amended petition, which did not greatly modify or amplify the allegations hereinbefore noted.

Motion to strike certain allegations was filed to such amended petition, and overruled.

A demurrer to such amended petition was then filed on the ground that there was a defect of parties plaintiff and for the further reason that the same did not state a cause of action. This demurrer was overruled.

The defendant thereupon filed his answer admitting the execution of the deed to plaintiff and her husband, and denying all other allegations of the answer.

The plaintiff then filed a motion in which she stated that at the time she filed her "petition," she was under the impression that she had succeeded to all the rights of her deceased husband, but that recently she had discovered that the breach of the warranty in the deed of defendant to her and her husband occurred during his lifetime and that the administrator of her husband is a necessary party, and asked leave to file an amended petition, making such administrator a party plaintiff. Apparently this motion was granted, though no formal entry appears among the papers.

A second amended petition was filed without any objection from the defendant, although a demurrer thereto was immediately filed upon the ground that it appears upon the face of the pleading that the action was not commenced within the time limited for such actions and that no cause of action is stated. The demurrer was sustained upon both grounds.

Final judgment of dismissal of the action was entered.

Any demurrer must be dependent for its sustaining upon what appears ▮▮▮▮▮▮ upon the face of the petition. §11309, GC, provides in part:

"The defendant may demur to the petition only when it appears on its face either:
"9. That the action was not. brought within the time limited for the commencement of such action; * * *"

Sec 11221, GC, provides:
"An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued."

Although in the second amended petition, it is alleged that the deed was made August 25, 1919, and the verification is March 25th, 1936, even granting at this point that the statute commenced to run from the date of the deed, it requires more than an examination of the face of the amended petition to pass upon the demurrer. It requires at least an examination of the original petition to ascertain the basis for the defendant's contention that a new party has been added. Looking alone at the pleading, the original petition might have had both parties in it. As commencement of the action is the criterion for the application of the statute, it might be even necessary to examine the issuance and service of process, although, of course, the pleading could probably not antedate in filing the date of its verification. In any event when it becomes necessary to go outside of the amended petition in order to pass upon the demurrer, it is our conclusion that the ground of the running of the statute ▮▮▮▮▮▮ must be taken advantage of by answer. **Sloan v Gitman et, 7 O.O. 155, (21 Abs 483).** See also: **Landrum v Fulton, etc., 47 Oh Ap 376, 378, (17 Abs 395).**

We should probably be content to rest the matter upon this technical aspect. However, it is to us apparent that even considering all the pleadings instead of the second amended petition alone, that the demurrer should be overruled as to this ground.

It is the contention of the defendant that the pleading shows on its face that the statute has run, looking at the verification and the date of the deed.

It is the contention of the plaintiff that the action was commenced in time, because the petition and first amended petition were filed within fifteen years of the date of the deed.

The defendant, on the other hand, again contends that the amendment, including the personal representative of the co-tenant of the original plaintiff, Emma Baughman, changed the cause of action.

The court, however, did permit the amended pleading to be filed and the new party to appear in the proceeding as a party plaintiff. It is questionable, at least, whether upon demurrer we can consider the court's discretion in doing so. It has already done it.

Meeting the defendant's contention squarely,—that the cause of ▮▮▮▮▮▮ action has been changed—we have no difficulty in concluding otherwise.

It is true that co-tenants must join when co-grantees of a deed containing a covenant of seizin, if either would bring an action thereon, and that when broken it is a chose in action descending to the personal representative of the co-covenantee. **Tapscott et v Williams, 10 Ohio 442; Hall v Plaine et, 14 Oh St 417; Betz v Bryan, 39 Oh St 320.**

The action as embodied in the original and first amended petitions could not be maintained over the objection of the defendant covenantor by virtue of the provisions of §11256, GC.

This is not, however, a conclusion that no cause of action was stated. It would be more simple for the plaintiff if such were the case, for the conclusion in **L. & N. Rd.**

Co. v Greene, Admrx., 113 Oh St 546, would then apply.

The action was commenced in time. There was a defect of parties plaintiff. This defect was cured. Certainly it cannot be successfully asserted that the action was not commenced until the new party was included. It is the constant practice of courts almost casually to bring in necessary parties, where their absence will prevent a complete determination of the cause under consideration. If, however, one of a group possessing an interest in a joint cause of action, has commenced an action, he has commenced it, has stated a cause of action for the benefit of all which may proceed when the necessary parties are brought in. Each member is entitled to the alertness and diligence of the party instituting the joint action. The statute is tolled when the action is commenced. It cannot proceed without the presence of all parties. It would be a harsh construction of our modern procedure to hold that because a co-obligee was not made a party plaintiff or defendant, and the statute ran before he became such, and he was therefore barred, that the original plaintiff should be also barred because he could not proceed without his co-obligee. This is not the spirit of modern reform procedure under the code.

The cases of Goldberg v Jordan, 130 Oh St 1, 3 O.O. 64, L. & N. Rd. v Greene, Admrx., supra, and Brown, Admr. v Bauman, 49 Oh Ap 49, (18 Abs 38) 2 O.O. 210, while not directly in point, illustrate the true spirit of code pleading.

We pass now to the second ground of the demurrer, that the second amended petition does not state a cause of action.

The predicate for the ground is that no eviction is alleged.

The second amended petition does not state whether the original grantor defendant was or was not in possession at the time the deed to Emma Baughman and her husband was made. If not in possession, there was an immediate eviction. 7 R.C.L. 1133; 15 C. J., p. 1245, §§61, 62. Devore v Sunderland, 17 Ohio 52; Stambaugh, Exr. v Smith, 23 Oh St 584, 587, 588; Wetzel v Richcreek, 53 Oh St 62, 70; Betz v Bryan, 39 Oh St 320, 322.

The pleading would not, therefore, be demurrable on this ground. It is the contention of all counsel that where the paramount title is held by the public the cause of action arises immediately. 15 C. J. 1292.

We find it unnecessary to so conclude, but for the purposes only of the contention of the demurrant it may be so considered.

Even if it were necessary to find that allegations of eviction were necessary, we are not prepared to say that the pleading is deficient in this respect or in the allegation of the equivalent of eviction, the acquisition of the paramount title, which is alleged.

In Wetzell v Richcreek, supra, it is stated at page 70 of the opinion:

"It has long been the law of this state, that a covenant of seizin is not broken so as to give the covenantee a right of action, if the covenantor has the actual seizin, though not the legal title, at the time of the conveyance, and the former is put in possession under it, until there has been an eviction under a paramount title. Stambaugh v Smith, 23 Oh St 584, and cases there cited. And the same rule obtains in regard to a covenant for the quiet enjoyment of a lessee. Such eviction, however, may be constructive, as well as actual; as, where the covenantee has purchased, or taken a lease under, the paramount title, even without any actual change of possession, when the validity of such title has been established by the judgment of a court of competent jurisdiction, and, under certain circumstances, when it has not been so established. In opposition to this doctrine, it has often been urged, says Mr. Rawle, in his work on Covenants for Title, §142, "that it confounds all distinctions between a covenant for seizin and a covenant for quiet enjoyment or warranty; and it has also been argued that an analogy exists to the rule which prohibits a tenant from disputing his landlord's title, unless there has been an actual eviction, under the paramount claim. But, in answer to such analogy, it may be said, first, that whatever may have been the origin of this rule, or its earlier application, it is now well settled that whenever the landlord's title is insufficient for the security of the tenant, the relation between them may be renounced, and the latter may protect himself under the paramount title." The only effect of the judgment establishing such title, is that it makes a prima facie case of paramount title if the covenantor is not a party, and is conclusive evidence thereof, if he is a party to the judgment; while, if, without it, the covenantee surrenders the possession, or buys in the superior title to protect his possession, he does so at his peril, and assumes the burden of proving

such superior title to which he would have been compelled to yield. So, when a covenantee is unable to obtain possession in consequence of an existing possession by a person claiming and holding under an elder title, that is equivalent to an eviction. Taylor on Landlord and Tenant, §314."

The demurrer should have, therefore, been overruled as to the second ground, that the second amended petition does not state a cause of action.

It is our conclusion, therefore, that the demurrer to the second amended petition should have been overruled, that the judgment of the Court of Common Pleas of Summit County must be reversed, and the cause remanded to that court for further proceedings according to law.

HAMILTON and MATTHEWS, JJ, concur.