**ARMSTRONG, Appellant,**

**v.**

**HARP REALTY COMPANY, INC., Appellee.**

[Cite as *Armstrong v. Harp Realty Co.* (1991), 73 Ohio App.3d 292.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60411.

Decided April 29, 1991.

*Apicella & Trapp, F.M. Apicella* and *Mary Jane Trapp,* for appellant. *Dale P. Zucker,* for appellee.

---

*Per Curiam.*

Plaintiff Donald Armstrong appeals from the order of the trial court which awarded summary judgment to defendant Harp Realty Co., Inc. As we concur in the trial court's determination that plaintiff's complaint was barred by the statute of limitations, we affirm.

## I

Plaintiff filed this negligence action against defendant on February 21, 1990, following an accident on the premises which occurred on January 2, 1988.

On May 23, 1990, defendant moved for summary judgment, alleging that the complaint was not filed within the limitations period set forth in R.C. 2305.10, and that the savings statute was inapplicable to this matter. In response, plaintiff asserted that he had previously filed a negligence action against defendant, on November 18, 1988, asserting it as a counterclaim in defendant's action against him for forcible entry and detainer. Plaintiff further asserted that he had voluntarily dismissed ninety-seven days later, on February 23, tolling the statute of limitations for ninety-seven days. Alternatively, plaintiff asserted that his voluntary dismissal of the matter gave him an additional year within which to file the action pursuant to the savings statute.

On August 8, 1990, the trial court granted defendant's motion for summary judgment. Plaintiff now appeals.

## II

In his first assignment of error, plaintiff contends that the action was timely, as the statute of limitations was tolled during the pendency of his counterclaim against defendant in the previous action.

It is axiomatic that after its voluntary dismissal an action is treated as if it had never been commenced. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 397, 464 N.E.2d 142, 144. Accord R.C. 2305.19.

In support of his claim to the contrary, *i.e.*, that the previous filing tolled the statute of limitations, plaintiff relies upon *In re Estate of Erbaugh* (1943), 73 Ohio App. 533, 29 O.O. 177, 57 N.E.2d 294, and *Baughman v. Hower* (1937), 56 Ohio App. 162, 9 O.O. 98, 10 N.E.2d 176. These cases are inapposite, however, as *Erbaugh* involved the relation back of the filing of a claim against an estate, after the timely petition to present that claim was granted, and *Baughman* involved the relation back of an amendment to a complaint following the timely filing of that complaint. Neither case cited involves the filing, subsequent dismissal, and refiling on an action, as is presented here.

Plaintiff next suggests that the limitations period was tolled during the pendency of defendant's complaint.

The rule pertaining to whether the filing of a complaint tolls the statute of limitations within which to bring a counterclaim was cogently set forth in *Scheetz v. Ucker* (Feb. 24, 1987), Franklin App. No. 86AP-932, unreported, 1987 WL 7104, as follows:

"Although there is a division of authority throughout the United States, in Ohio *a counterclaim asserted by the defendant against the plaintiff, which relates to the same transaction or occurrence asserted in the original claim, relates back to the original commencement of the action. National Retailers Mut. Ins. Co. v. Gross* (1943), 142 Ohio St. 132 [26 O.O. 337, 50 N.E.2d 258]. In other words, *the filing of a complaint by the plaintiff against a defendant tolls the statute of limitations for a counterclaim asserted by the defendant which relates to the same transaction or occurrence asserted in the original claim.* This view is cited as representing the 'weight of the authority.' 51 American Jurisprudence 2d (1970) 767, Limitations of Action, Section 203. This exception to the ordinary rule, that an affirmative claim must be filed prior to the lapse of the statute of limitations, has sometimes been justified on the basis that a contrary holding would encourage a plaintiff with a weak claim who might anticipate an affirmative claim by the defendant out of same transaction to wait until the last day before filing the claim. *Another reason is that plaintiff waives the statute of limitations for defenses or affirmative claims arising out of the same transaction by filing of the complaint.* See *Trindade v. Superior Court of Contra Costa County* (1973), 29 Cal.App.3d 857 [106 Cal.Rptr. 48]." (Emphasis added.) *Id.*, at 3; accord *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 11 OBR 319, 463 N.E.2d 1246, paragraph one of the syllabus (a claim of a

defendant which would be barred by the statute of limitations if brought in an action for affirmative relief is available as a defense or under the common law theory of recoupment, when the claim arises out of the same transaction as the plaintiff's claim for relief and when it is offered only to reduce the plaintiff's right to relief).

In this case, plaintiff's negligence action, though originally brought as a counterclaim to defendant's action for forcible entry and detainer, did not arise from the same transaction as the action for forcible entry and detainer. Accordingly, the pendency of that action did not toll the limitations period applicable to plaintiff's negligence action. While plaintiff urges a contrary result pursuant to *National Retailers Mut. Ins. Co. v. Gross* (1943), 142 Ohio St. 132, 26 O.O. 337, 50 N.E.2d 258; *Holly v. Osleisek* (1988), 40 Ohio App.3d 90, 531 N.E.2d 766; and *Riverside Methodist Hospital Assoc. v. Guthrie* (1982), 3 Ohio App.3d 308, 3 OBR 355, 444 N.E.2d 1358, we find these cases inapposite as the counterclaim in each of these actions arose from the same transaction as that giving rise to the complaint.

Plaintiff's first assignment of error is overruled.

### III

In his second assignment of error, plaintiff asserts that the trial court erred in determining that the time for bringing the action was not extended by the savings statute.

Under the savings statute, where an action fails otherwise than on the merits, and the time for bringing that action has expired at the time of such failure, the action may be recommenced within one year. R.C. 2305.19. Accordingly, while plaintiff's voluntary dismissal of his first action, designated as a counterclaim, does in fact constitute a failure otherwise than on the merits, *Costell v. Toledo Hospital* (1988), 38 Ohio St.3d 221, 223, 527 N.E.2d 858, 859, the savings statute is nonetheless inapplicable to this matter because the action was dismissed approximately eleven months before the limitations period had expired.

Plaintiff's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Francis E. Sweeney, P.J., John F. Corrigan and Parrino, JJ., concur.

Thomas J. Parrino, J., retired, of the Eighth Appellate District, sitting by assignment.