[Cite as *Unifund CCR Partners v. Young*, 2013-Ohio-4322.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| UNIFUND CCR PARTNERS, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 11-MA-113 |
| V. | ) | |
| | ) | OPINION |
| VICKI L. YOUNG, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 10CV110

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        Attorney Alan H. Abes
                              Attorney Elizabeth M. Shaffer
                              1900 Chemed Center
                              255 East Fifth Street
                              Cincinnati, Ohio 45202

For Defendants-Appellants     Attorney Anand N. Misra
                              3659 Green Road, Suite 100
                              Beachwood, Ohio 44122

                              Attorney Robert S. Belovich
                              9100 South Hills Blvd., Suite 300
                              Broadview Heights, Ohio 44147

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                              Dated: September 27, 2013

DONOFRIO, J.

## I. INTRODUCTION

**{¶1}** Defendant-appellant Vicki Young appeals a decision of the Mahoning County Common Pleas Court denying her motion for class certification of her counterclaims against plaintiff-appellee Unifund CCR Partners, et al (Unifund). Unifund, which is in the business of buying debt in default and then attempting to collect on it, purchased a credit card debt that Young had incurred on a card issued by Citi Bank and had fallen into default. Unifund sued Young on the debt and Young filed numerous counterclaims, including state and federal consumer-protection-act claims. Young's counterclaims were based primarily upon its contention that Unifund, a New York partnership, lacked the capacity to sue because it had failed to file a partnership certificate as required under Ohio law by R.C. 1777.02 (since repealed) and that its assignment of collection rights did not comply with R.C. 1319.12.

## II. FACTS & PROCEDURAL HISTORY

**{¶2}** Unifund filed its original complaint against Young in Mahoning County Court Area No. 2 in Boardman, Ohio on February 8, 2007, seeking judgment for an alleged credit card debt of over $11,811.66 plus interest and costs. Unifund obtained a default judgment against Young on June 15, 2007.

**{¶3}** Nearly two years later, Young then filed and was granted a motion to vacate the default judgment on April 16, 2009. She subsequently filed a motion for a more definite statement which the trial court granted on June 9, 2009. In response, Unifund filed an amended complaint on June 15, 2009, noting that the debt had grown to $21,472.07 taking into account accrued interest. Young moved to dismiss the amended complaint. On September 14, 2009, a magistrate granted Young's motion to dismiss, finding that Unifund had failed to attach to either its original complaint or amended complaint an assignment evidencing value or consideration given for the assignment of Young's account from Citi Bank to Unifund in compliance with R.C. 1319.12 (governing collection of assigned debts).

**{¶4}** Unifund filed objections to the magistrate's decision and Young responded. Meanwhile, on October 28, 2009, Young filed a counterclaim purportedly

as a class action setting forth seven counts: (1) Violations of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq.; (2) Deceptive, Unfair or Unconscionable Acts in violation of the Ohio Consumer Sales Practices Act (OCSPA), R.C. 1345.01 et seq.; (3) Deceptive trade practices in violation of the Ohio Deceptive Trade Practices Act (ODTPA), R.C. 4165.01 et seq.; (4) Fraud; (5) Civil Conspiracy; (6) Abuse of Process; (7) Defamation. Young's counterclaim sought statutory, compensatory, and punitive damages in excess of $25,000.00.

{¶5} On December 29, 2009, the trial court vacated the magistrate's September 14, 2009 decision granting Young's motion to dismiss. The court found that Unifund's June 15, 2009 amended complaint and Young's October 28, 2009 counterclaim each sought damages in an amount exceeding that court's statutory jurisdiction. The case was transferred to the Mahoning County Common Pleas Court in January 2010.

{¶6} Young sought to certify her counterclaim as a class action under Civ.R. 23. Young sought to certify two classes. The first proposed class included each person named as a defendant in lawsuits filed between February 8, 2005 and December 12, 2007 in Ohio by Unifund CCR Partners as plaintiff. The second proposed class included each person named as a defendant in lawsuits filed between February 8, 2005 and August 6, 2008 in Ohio by Unifund CCR Partners as plaintiff and, at the time of filing of the lawsuit, the debt alleged in the complaint was owned by an entity other than Unifund CCR Partners.

{¶7} On April 8, 2011, a magistrate overruled Young's motion for class certification. Young filed objections to the magistrate's decision and Unifund filed a response. On June 29, 2011, the trial court adopted the magistrate's decision as its own, concluding that the classes as proposed by Young failed to meet five of Civ.R. 23's class certification requirements. First, because it found that "at least" three of her claims (FDCPA, OCSPA, and defamation) were barred by the applicable statutes of limitation, the court concluded that Young, as the class representative, was not a member of the class she proposed to certify. Second, the court concluded that Young

had failed to establish the existence of an unambiguous, identifiable class. Without explanation, the court found that the proposed classes were otherwise "wrought with ambiguity and not readily identifiable." Third, relying on its conclusion that Young failed to show an unambiguous, identifiable class, the court found that Young failed to meet Civ.R. 23(A)'s numerosity requirement – that the classes be composed of a sufficient number of identifiable individuals to justify class certification. Fourth, based upon a review of Young's deposition testimony, the court found that she would not adequately represent the proposed classes because she lacked "even the most rudimentary understanding" of the claims she purported to certify as class actions. Fifth, the court found that Young failed to establish the applicability of any of the three Civ.R. 23(B) requirements.

**{¶8}** This appeal followed.

### III. STANDARD OF REVIEW

**{¶9}** Young contends that the standard of review in this case is de novo. She states that the trial court's judgment was based on an erroneous interpretation of the law and that when this happens, "an abuse of discretion standard is not appropriate." Citing *Medical Mutual of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-4171, 909 N.E.2d 1237, ¶ 13.

**{¶10}** Unifund contends that the standard of review is abuse of discretion. Unifund cites the decision in *State ex rel. Davis v. Pub. Emps. Ret. Bd.* holding that an appellate court reviews the decision of the trial court to deny a motion for class certification under the abuse of discretion standard. 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 18. Therefore, Unifund alleges, in order to overrule the trial court, this court must find that the lower court abused its discretion on every one of its five conclusions.

**{¶11}** Class certification in Ohio is governed by Civ.R. 23, which is nearly identical to Fed.R.Civ.P. 23. Citing the need for trial courts to have the ability to manage their dockets appropriately, the Ohio Supreme Court explained the standard of review for certifying class actions as abuse of discretion:

We have consistently held that a "trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." * * * In rejecting a de novo standard of review urged in an appeal from a decision based only on a written record that denied class certification, we noted that "appellate courts overwhelmingly, if not universally, give trial courts broad discretion in deciding whether to certify a class" and that "the appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket.

*Id.*

**{¶12}** Therefore, the correct standard of review is abuse of discretion. Abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987).

**{¶13}** "At the certification stage in a class-action lawsuit, a trial court must undertake a rigorous analysis, which may include probing the underlying merits of the plaintiff's claim, but only for the purpose of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, Slip Opinion No. 2013-Ohio-3019.

**{¶14}** A party seeking class certification must meet all the requirements set forth in Civ.R. 23(A) and (B). The seven requirements of Civ.R. 23 are as follows: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative

parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. *Hamilton,* 82 Ohio St.3d at 71, 694 N.E.2d 442 (1998).

**{¶15}** If the proposed class meets the first six prerequisites of Civ.R. 23(A), the trial court must then determine whether a class action is maintainable under at least one of the three subsections in Civ.R. 23(B). *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 94, 521 N.E.2d 1091 (1988).

**{¶16}** Under Civ.R. 23(B)(1)(a), a class action is maintainable "if separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class," and subsection (B)(1)(b) "will permit certification if separate actions would create a risk of adjudications that would as a practical matter be dispositive of the claims of non-parties or substantially impair or impede their ability to protect their interests*." Id.* at 95, 521 N.E.2d 1091.

**{¶17}** Under Civ.R. 23(B)(2), a class action is maintainable if "its primary application [is] injunctive relief." *Id.*

**{¶18}** And finally, under Civ.R. 23(B)(3), a class action is maintainable if the plaintiff is seeking damages and the court makes two findings: "that the common questions predominate over questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at 96, 521 N.E.2d 1091.

**{¶19}** "The failure to meet any one of these prerequisites will defeat a request for class certification * * *." *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 313, 473 N.E.2d 822 (1984).

### IV. STATUTES OF LIMITATION

**{¶20}** Young's first assignment of error states:

> The trial court erred to the prejudice of defendant-appellant in concluding that Ms. Young's claims are time-barred. (R-51, 6/29/2011 JE, at p. 6.)

**{¶21}** The trial court denied Young class certification in part because some of her claims were time-barred by the applicable statutes of limitation. The statute of limitations is one year for Young's FDCPA claim and two years for her OCSPA claim. Unifund initially sued Young on the credit card debt on February 8, 2007, and service of the summons and complaint was obtained on April 14, 2007. Young did not file her class action counterclaims until over two and half years later on October 28, 2009. Consequently, the trial court concluded that her FDCPA and OCSPA claims were time-barred.

### A. Young's FDCPA Claim & the Relation Back Doctrine

**{¶22}** Young argues that because her counterclaims were based on Unifund's original action, for purposes of the statute of limitations, they should have been deemed to have been filed on February 8, 2007, the date Unifund initially sued Young on the credit card debt. Young cites *National R.M. Ins. Co. v. Gross*, 142 Ohio St.132, 50 N.E.2d 258 (1943), in support. In *Gross*, the Ohio Supreme Court held that "[i]f a counterclaim is not barred by a statute of limitation at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action." *Id*. at paragraph two of the syllabus. Young's argument, based on *Gross*, is that her counterclaims, for the purpose of the statute of limitations, relate back to the date that the original action was filed by Unifund.

**{¶23}** In response, Unifund contends that only compulsory counterclaims relate back to the filing of an original complaint and that permissive counterclaims do not. Unifund alleges Young's counterclaim was permissive and therefore did not relate back. Unifund cites *Armstrong v. Harp Realty Co., Inc.*, stating that relating back to an original claim only applies to a counterclaim "which relates to the same transaction or occurrence asserted in the original claim." 73 Ohio App.3d 292, 294, 596 N.E.2d 1131 (8th Dist.1991). Unifund argues that it is established that a debtor's FDCPA and similar claims are permissive counterclaims to the debt collection action, citing various federal cases which reason that such lawsuits as Young's are not compulsory.

**{¶24}** Young counters that her FDCPA counterclaim is a compulsory counterclaim, citing *Sec. Natl. Bank & Trust Co. v. Reynolds*, 2d Dist. No. 2007-CA-66, 2008-Ohio-4145, in support. In *Reynolds*, a creditor sued debtors to recover the deficiency on a promissory note that was partially secured by a motor vehicle, and debtors counterclaimed for violation of the FDCPA. The appellate court found a FDCPA counterclaim to be compulsory because "[m]any of the same facts and evidence that would be required to prove [plaintiff] SNB's claim to recover a deficiency would be useful to the [defendant-counterclaimant] Reynolds in proving that SNB violated the Fair Debt Collections Practices Act in attempting to collect that deficiency." 2d Dist. No. 2007-CA-66, 2008-Ohio-4145, ¶ 38.

**{¶25}** "[I]t is well established that counterclaims relating to the same transaction or occurrence underlying the original claim relate back to the commencement of the action." *Michigan Millers Mut. Ins. Co. v. Christian*, 153 Ohio App.3d 299, 2003-Ohio-2455, 794 N.E.2d 68, ¶ 16 (10th Dist.), citing *Gross*, supra. In other words, "the filing of a complaint by a plaintiff against a defendant tolls the statute of limitations for counterclaims that arise out of the same transaction or occurrence underlying the original claim." *Id.*

**{¶26}** "In determining whether claims arise out of the same transaction or occurrence, courts most frequently utilize the 'logical relation' test." *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274, 278-79, 626 N.E.2d 99 (1994). Under this test, "[a] compulsory counterclaim is one which 'is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.'" Staff Notes (1970) to Civ.R. 13, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (C.A.3, 1961).

**{¶27}** In this instance, Young's reliance on *Reynolds* to show that her FDCPA claims were compulsory is misplaced. State and federal courts have concurrent jurisdiction over FDCPA claims. *Herbst v. Resolution Trust Corp.*, 66 Ohio St.3d 8, 10, 607 N.E.2d 440, (1993); *Byrd v. Homecomings Fin. Network*, 407 F.Supp.2d 937,

943 (N.D.Ill.2005). However, when it comes to determining which law governs the application of the statute of limitations to a federal claim, federal law prevails. *See Owens v. Okure*, 488 U.S. 235, 239, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (limitations period chosen for Section 1983 claims brought in state court should be consistent with federal law and policy).

**{¶28}** Federal law, as cited by Unifund, has held that FDCPA's claims are permissive, not compulsory counterclaims. For example, in *Hart v. Clayton-Parker and Assocs., Inc.*, 869 F.Supp. 774, 777 (D. Ariz. 1994), the court observed that "every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debts are not compulsory counterclaims." Also, an FDCPA claim concerns the method of collecting the debt, not whether the underlying debt is valid. Thus, a FDCPA claim does not arise out of the transaction creating the debt.

**{¶29}** Because Young's FDCPA claim is a permissive counterclaim and not a compulsory counterclaim, that claim does not relate back to the date Unifund filed its original claim on the credit card debt. Furthermore, since Young's FDCPA counterclaim does not relate back to Unifund's original claim on the credit card debt, the October 28, 2009 filing of that counterclaim extended well beyond the one year statute of limitations and was thus time-barred.

### B. Young's OCSPA Claim & R.C. 1345.10(C)

**{¶30}** Young argues that the OCSPA specifically allows a counterclaim to be asserted without regard to the statute of limitations. She relies on R.C. 1345.10(C), which provides:

An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later. *However, an action under sections 1345.01 to 1345.13 of the Revised Code arising out of the same consumer*

*transaction can be used as a counterclaim whenever a supplier sues a consumer on an obligation arising from the consumer transaction.*

(Emphasis added.)

**{¶31}** R.C. 1345.10(C) does not operate to toll the statute of limitations for Young's OCSPA claim for three reasons. First, R.C. 1345.10(C) requires that the OCSPA counterclaim arise out of the same consumer transaction for which the supplier suing a consumer on an obligation arising from the consumer transaction. For reasons similar to those discussed under the section addressing Young's FDCPA claim, Young's OCSPA claim does not arise out of the same transaction for which Unifund was suing her. Young's complaint that Unifund filed collection actions against customers without complying with Ohio's partnership registration statute is irrelevant to the credit debt that Young incurred.

**{¶32}** Second, Young did not comply with the affirmative pleading requirements for a OCSPA class action claim. In particular, R.C. 1345.09(B) sets forth a notice requirement which must be met:

> The Ohio Consumer Sales Practices Act has specific rules permitting a class action. Under R.C. 1345.09(B), a class action is permitted under the Act if the plaintiff alleges that the substantive provisions of the Act have been violated, and (1) a specific rule or regulation has been promulgated under R.C. 1345.05 that specifically characterizes the challenged practice as unfair or deceptive, or (2) an Ohio state court has found the specific practice either unconscionable or deceptive in a decision open to public inspection.

*Johnson v. Microsoft*, 155 Ohio App.3d 626, 2003-Ohio-7153, 802 N.E.2d 712, ¶ 21 (1st Dist.).

**{¶33}** In this case, Young's OCSPA counterclaim was based on Unifund having failed to attach to either its original complaint or amended complaint an

assignment evidencing value or consideration given for the assignment of Young's account from Citi Bank to Unifund in compliance with R.C. 1319.12 (governing collection of assigned debts) and Unifund lacking standing to sue her and other similarly situated consumers because it had failed to comply with Ohio's partnership registration statute (R.C. 1319.12).

{¶34} Young has failed to cite a specific rule or regulation that has been promulgated under R.C. 1345.05 that specifically characterizes these practices as unfair or deceptive. Nor has she cited an Ohio state court that has found either of these practices either unconscionable or deceptive in a decision open to public inspection.

{¶35} Since Young's OCSPA class action counterclaim did not arise out of the same transaction for which she was being sued by Unifund and Young failed to meet the affirmative pleading requirements required for a class action counterclaim with OCSPA, the tolling provision of R.C. 1345.10(C) does not operate to extend the statute of limitations for that claim and the claim is thus time-barred.

## C. Equitable Tolling

{¶36} Next, Young argues that the trial court's consideration of the merits of Unifund's statute of limitations defense in deciding class certification was incorrect, especially in view of equitable tolling facts clearly alleged in the counterclaim. The equitable tolling facts to which Young is referring are the allegations she asserted in her counterclaim that Unifund tried to dissuade her from taking any action in response to its lawsuit against her to collect the credit card debt. (¶¶ 35-41.)

{¶37} In response, Unifund argues that whether it tried to dissuade Young from responding to its lawsuit to collect on the debt is irrelevant to Young's allegations that it concealed information regarding its partnership name certificate or assignment of Young's debts and whether Young relied on that information.

{¶38} The doctrine of equitable tolling can be used to prohibit the inequitable use of statutes of limitation. *Sharp v. Ohio Civ. Rights Comm.*, 7th Dist. No. 04 MA 116, 2005-Ohio-1119, at ¶ 10. For example, the Ohio Supreme Court has used

equitable principles to incorporate the discovery rule into the statute of limitations governing wrongful death lawsuits. *See Collins v. Sotka*, 81 Ohio St.3d 506, 692 N.E.2d 581 (1998). However, "[e]quitable tolling is only available in compelling cases which justify a departure from established procedure." *Sharp* at ¶ 11. Thus, Ohio law "requires a showing of actual or constructive fraud by a party in the form of representations that the statute of limitations was larger than it actually was, promises of a better settlement if the lawsuit was not filed, or other similar representations or conduct" before a party can get relief through the doctrine of equitable tolling. *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 655, 736 N.E.2d 1238 (10th Dist.2001). This closely resembles federal law, where the United States Supreme Court has said that the doctrine should be used "sparingly" and only in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

**{¶39}** In this case, Unifund did not induce Young into delaying the exercise of her rights or fraudulently conceal facts that would have prompted her to sue them earlier, had she only been aware of the alleged violations. While Unifund did not affirmatively alert Young to any defects in their required state filings, the record bears no indication that Unifund actively concealed evidence relative to Unifund's legal capacity to sue. Whether or not Unifund had made the required filings was readily ascertainable from a public records search.

### D. Class Action Tolling Principles

**{¶40}** Young claims to have been involved in a similar action seeking class certification with respect to claims brought by Unifund. (Tr. 51.) No motion for class certification had been filed. The case, *Pamela Ruth v. Unifund CCR Partners, et al*, was filed October 3, 2008, in the Summit County Common Pleas Court (case no. CV-2008-10-6916).

**{¶41}** The Ohio Supreme Court has adopted class action tolling, holding that "the filing of a class action, whether in Ohio or the federal court systems, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 763 N.E.2d 160 (2002). Thus, Young contends that on the day *Ruth* was filed, any statute of limitation applicable to Young's case would be tolled.

**{¶42}** In reply, Unifund argues that the trial court was correct in recognizing that Young's cause of action accrued no later than the date of service of the underlying collection complaint against her – April 14, 2007. Unifund agrees with the trial court's determination that Young's FDCPA and defamation claims were governed by a one-year statute of limitations while her OCSPA claim was governed by a two-year statute of limitations. Therefore, Unifund argues that Young's October 28, 2009 counterclaim was time-barred.

**{¶43}** Young and Unifund have two different theories on when the statute of limitations begins. The Ohio Supreme Court explained that the statute of limitations is tolled for asserted members of a class action to later file in state court if a case is dismissed otherwise than on the merits:

> We hold that the filing of a class action, whether in Ohio or the federal court system, tolls the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. * * * Our holding today merely allows a plaintiff who could have filed suit in Ohio irrespective of the class action filed in federal court * * * to rely on that class action to protect her rights in Ohio.

*Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 2002-Ohio-892, 763 N.E.2d 160.

**{¶44}** However, a United States Supreme Court case cited by Young, on which *Vaccariello* relied upon and cited, states that the "commencement of a class action suspends applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Crown, Cork & Seal Co. v. Parker*, 464 U.S. 345, 353-54 (1983). The key component of that reference is asserted members. The record is devoid of and Young has presented no evidence that she was asserted as a member of the proposed class action in the *Ruth* case. Without being asserted as a class member in the *Ruth* case, the Supreme Court's ruling in *Vaccariello* has no effect on Young's applicable statute of limitations in her claims against Unifund. Due to the absence of evidence that Young was an asserted member of the *Ruth* case, the trial court did not abuse its discretion.

**{¶45}** Accordingly, Young's first assignment of error is without merit.

## V. CIV.R. 23(A)'S REQUIREMENTS

**{¶46}** Young's second assignment of error states:

> The trial court erred to the prejudice of defendant-appellant in concluding that the defined class was ambiguous and not sufficiently numerous, and that Ms. Young was not a member of the defined class and not an adequate class representative. (R-51, 6/29/2011 JE, at p. 5-8.)

### A. Unambiguous Identifiable Class

**{¶47}** Young reiterates the arguments she made under the first assignment of error concerning the statute of limitations. For the reasons stated therein, they are equally without merit here also.

### B. Numerosity

**{¶48}** Young asserts the numerosity requirement has been satisfied citing *Warner v. Waste Management Inc.:*

> In construing Civ.R. 23(A)(1), known as the numerosity requirement, courts have not specified numerical limits for the size of a class action. This determination must be made on a case-by-case basis. * * * [i]f the class has more than forty people in it, numerosity is satisfied.

*Warner v. Waste Management, Inc.*, 36 Ohio St.3d 91, 97, 521 N.E.2d 1091 (1988). Young argues based on the fact that the stipulated class size is over 100, numerosity is met. Further, Young argues that Unifund did not fulfill their promise of not challenging numerosity on the basis that Young did not file a motion to compel: therefore, Unifund must either produce documents requested in discovery or be estopped from claiming lack of numerosity.

**{¶49}** Unifund argues that Young ignored the fact that Unifund refused to stipulate that the proposed class criteria were correct or had legal significance, thus, even though she named over 100 persons meeting *her* criteria, this was not adequate for a class action due to the fact that the proposed date ranges could not legally be used to certify a class. Unifund argues that they only stipulated to the factual significance of the data, not any legal significance.

**{¶50}** A review of the record reveals that there was no stipulation that the proposed classes met the numerosity requirement. In the stipulation, the parties agreed "to the number of the proposed class members meeting the criteria" of the two *proposed* classes, but did not "stipulate to any other matter pertaining to class certification, including but not limited to appropriateness of those criteria." And, since the date ranges in the stipulation were date ranges for which she could not lawfully certify a class since she herself was not a member, she could not demonstrate numerosity.

## C. Adequate Representative

**{¶51}** Young cites to this court's ruling that "both the named plaintiffs and the class counsel must be deemed adequate * * *. A representative is adequate if his interest is not antagonistic to that of other class members." *Fowler v. Ohio Edison Co.*, 7th Dist. No. 07-JE-21, 2008-Ohio-6587, ¶ 62. Young argues that similar to *Fowler* there is no conflict between Young and the proposed class members. Young cites *Westgate Ford Truck Sale, Inc. v. Ford Motor Co.* as a summary of the Supreme Court's stance on adequacy of representation, "[t]he supreme court has viewed questions of adequacy as being 'serious discrepancy between the position of the representative and that of the class * * *.'" 8th Dist. No 86596, 2007-Ohio-4013, ¶ 64 quoting *Hannah* v. *Dayton Power & Light Co.,* 82 Ohio St.3d. 482, 487, 696 N.E.2d 1044 (1998). Young argues that requiring knowledge of legal standards would never allow an unsophisticated citizen to take the role as a class representative. Young cites the court in *Westgate* as stating, "[i]n practical terms, the courts have noted a growing sense that adequacy questions more appropriately focus not on the adequacy of the class representative, but on the adequacy of counsel." *Westgate Ford Truck Sales,* 8th Dist. No 86596, 2007-Ohio-4013, ¶ 69. Young stated that Unifund did not challenge the adequacy of Young's counsel.

**{¶52}** Young makes several references to the record to demonstrate her knowledge of class actions and refusal to accept a deal for only herself:

> Q.     How would the court decide whose [sic] in the class? I'll rephrase. Who are you asking to be in the class?
>
> MR. MISRA: Objection.
>
> A.     I know of the class to be people who have common experiences and common -- common experiences.
>
> * * *
>
> Q.     In other words, at the end of the day what do you want the court to award you and the class?

A.    I want the outcome to be a fair outcome for all parties involved.

* * *

Q.    * * * And my question is, if the defendants offered to settle just with you and gave you everything you want, would you take that settlement and withdraw from the case?

MR. MISRA: Objection.

A.    No, I would not.

Q.    Why not?

MR. MISRA: Objection.

A.    As I stated earlier it's not just Vicki Young. It's not just me involved.

(Deposition of Vicki Young, pp. 162, 165, 166).

**{¶53}** Young asserts that she is greatly qualified and complies with standards for a class representative. Knowledge should be required only for what is necessary to be a class representative and "certification is denied on this ground only in extreme cases, such as where the proposed representative's lack of knowledge shows a lack of interest in or lack of connection with the proceeding or threatens to prejudice the class." *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 8th Dist. No 86596, 2007-Ohio-4013, ¶¶ 69, 73.

**{¶54}** In reply, Unifund argues that the trial court did not abuse its discretion in holding the defined class was ambiguous and not sufficiently numerous, that Young was not a member of the defined class, and that Young was not an adequate class representative.

**{¶55}** Unifund argues that Young's testimony shows that she was not an adequate representative of the class. Unifund agrees with Young's citation of *Hamilton* that a class representative is adequate as long as their interests are not antagonistic to the other members; they argue, however, that Young does not define antagonistic. Unifund posits that "[i]nterests are antagonistic when there is evidence

that the representative plaintiffs appear unable to 'vigorously prosecute the interests of the class." Citing *Stout v. J.D. Byrider*, 228 F.3d 709, 717-18, (6th Cir.2000). Unifund also cites *Westgate*, recognizing that a class certification should be denied for lack of an adequate class representative "where the proposed representative's lack of knowledge shows a lack of interest in or lack of connection with the proceedings or threatens to prejudice the class." *Westgate Ford Truck Sales, Inc. v. Ford Motor Co.*, 8th Dist. No. 86596, 2007-Ohio-4013, ¶ 73.

**{¶56}** Unifund details several instances in Young's testimony to demonstrate, in their opinion, that she is not an adequate representative of the class: Young could not answer whether she called Unifund's counsel as alleged prior to her affidavit (Tr. 129-135), Young did not know if she reviewed the class counterclaim before her counsel filed it (Tr. 137), Young did not know if a class had already been certified (Tr. 166), Young did not know whose decision it would be to settle the lawsuit for the class. (Tr. 169-172).

**{¶57}** Unifund argues that given the evidence of Young's deposition, the trial court was within its discretion to conclude that Young would be antagonistic to the interests of the group due to her lack of knowledge.

**{¶58}** In her reply brief, Young argues that Unifund's position would eliminate the possibility of a FDCPA protected consumer from serving as a class representative because all consumers are assumed to be "least sophisticated." Young argues she explicitly demonstrated that she places the interest of the class above her own by rejecting Unifund's efforts to settle with her alone.

**{¶59}** The trial court concluded that Young did not belong to the classes she set up because some of her claims were barred by the statute of limitations. The court reasoned that Young was required to file on or before April 14, 2009 and thus her counterclaim filed October 28, 2009 is time-barred. The court also reasoned because of this she cannot serve as a class representative.

**{¶60}** Further, the court felt Young would not be an adequate class representative. The trial court concluded that Young was not held to the same

required knowledge as her attorney but that she "failed to establish that she has the most basic understanding of the facts and circumstances underlying [the] claims and their legal implications."

**{¶61}** The trial court was not correct in the standard that it used to judge Young as a class representative. The Ohio Supreme Court stated:

> [A]bsent some serious discrepancy between the position of the representative and that of the class, the focus at this stage of the proceedings should properly remain on the essential conforming characteristics of the defendant's conduct and the claims arising there from. Thus, as we stated in *Hamilton, supra*, "a unique defense will not destroy typicality or adequacy of representation unless it is 'so central to the litigation that it threatens to preoccupy the class representative to the detriment of the other class members.' *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d at 78, 694 N.E.2d at 453.

*Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 727 N.E.2d 1265 (2000), ¶ 11.

**{¶62}** Young was not adverse to the class as a whole; she recognized that the lawsuit was not about only her interests, but about those of the whole group. There was no serious discrepancy as required by *Baughman*. Young obtained legal assistance to help her navigate through difficult phases of the lawsuit to help her get what she hoped would be a fair outcome for all parties involved. Therefore, the trial court abused its discretion in ruling that Young was not an adequate representative of the class.

**{¶63}** Apart from the court's ruling on the adequacy of representation, the court did not abuse its discretion and, therefore, Young's second assignment of error is without merit.

## VI. CIV.R. 23(B)'S REQUIREMENTS

**{¶64}** Young's third and fourth assignments of error state, respectively:

The trial court erred to the prejudice of defendant-appellant in finding that the requirements of Ohio Civil Rule 23(B)(3) were not met despite undisputed evidence proving on a simultaneous, class-wide basis, that: (a) plaintiff-appellee has filed lawsuits against all potential Partnership Class members without meeting the requirements of R.C. §§ 1777.04 and 1329.10; (b) plaintiff-appellee has filed lawsuits against all potential Collection Agency Class members without meeting the requirements of R.C. § 1319.12. (R-51, 6/29/2011 JE, at p. 9-10.)

The trial court erred to the prejudice of defendant-appellant in concluding that monetary relief predominated and class certification was improper under Civ.R. 23(B)(2). (R-51, 6/29/2011 JE, at p. 8-9.)

**{¶65}** In her remaining two assignments of error, Young raises other challenges to the trial court's denial of her motion to certify a class in this case, particularly with regards to whether her proposed class action is maintainable under one of the three subsections in Civ.R. 23(B). Because we found that the trial court properly found that the statute of limitations barred some of her claims and that she failed to establish the numerosity requirement as to all of her claims, and she was required to establish all of the requirements of Civ.R. 23(A), Young's remaining assignments of error have been rendered moot and will not be addressed. *See* App.R. 12(A)(1)(c); *Martin v. Services Corp. Internatl.*, 9th Dist. No. 22180, 2005-Ohio-2403, ¶ 19.

**{¶66}** The judgment of the trial court is hereby affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.